**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0095n.06

No. 12-3111

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

***Jan 28, 2013***

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| LEJUAN R. SIMS, SR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS and WHITE, Circuit Judges; McCALLA, District Judge.[*]

PER CURIAM. LeJuan R. Sims, Sr., appeals his forty-six-month sentence for bank theft. Sims asserts that his sentence is procedurally and substantively unreasonable and that a discrepancy in the written judgment creates confusion.

Sims pleaded guilty to two counts of taking and carrying away, with intent to steal and purloin, an automated teller machine (ATM) and the currency inside, in violation of 18 U.S.C. § 2113(b). Sims's presentence report set forth a guidelines range of forty-one to fifty-one months of imprisonment based on a total offense level of 15 and a criminal-history category of VI. Sims did not object to the presentence report but filed a sentencing memorandum asserting that his criminal-history category was overstated because most of his criminal-history points were awarded for driving

---

[*]The Honorable Jon Phipps McCalla, Chief United States District Judge for the Western District of Tennessee, sitting by designation.

under suspension. At sentencing, the district court adopted the presentence report's guidelines

calculation. The district court denied Sims's request for a downward departure, concluding that

because Sims had committed numerous traffic and non-traffic related offenses, many of which were

not assessed criminal-history points, his criminal-history category did not overstate his "very serious"

criminal history.[1] After hearing from Sims, his counsel, and the government, the district court

imposed a sentence of forty-six months of imprisonment followed by three years of supervised

release and ordered restitution in the amount of $260,034.78.

In this timely appeal, Sims asserts that his sentence is procedurally and substantively

unreasonable because the record does not reflect that the district court considered the sentencing

factors under 18 U.S.C. § 3553(a). We review the district court's sentencing determination for

procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United*

*States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010).

We must first ensure that "the district court committed no significant procedural error, such

as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as

mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous

facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51

---

[1]Sims had 34 convictions in his criminal history. He did not receive criminal-history points for 20 of these convictions (of which 13 were driving-related offenses and 7 were non-driving-related). Sims received 12 criminal-history points for driving-related offenses and 7 points for other offenses, which included cocaine trafficking, receiving stolen property, tampering with records, forgery, domestic violence, and criminal damaging. However, because 10 of the convictions received only one criminal-history point, Sims's criminal history for these offenses was adjusted to 4 points, U.S.S.G. § 4A1.1(c), leaving him with a total criminal history of 14.

(2007). Because Sims's trial counsel did not object to Sims's sentence when given an opportunity to do so, the parties agree that Sims's procedural challenge is subject to plain-error review. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc); *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004).

Sims contends that his sentence is procedurally unreasonable because the district court did not mention the § 3553(a) factors and therefore failed to provide a sufficient record for meaningful appellate review. "If the record demonstrates that the sentencing court addressed the relevant factors in reaching its conclusion, the court need not explicitly consider each of the § 3553(a) factors or engage in a rote listing or some other ritualistic incantation of the factors." *United States v. Kirchhof*, 505 F.3d 409, 413 (6th Cir. 2007). "[W]here the judge chooses a sentence within the Guidelines range and 'the record makes clear that the sentencing judge considered the evidence and the arguments,' the sentencing decision 'will not necessarily require lengthy explanation.'" *United States v. Stephens*, 549 F.3d 459, 467 (6th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356, 359 (2007)).

In denying Sims's request for a downward departure, the district court discussed his extensive criminal history. The district court went on to acknowledge Sims's family support. After pronouncing a sentence of forty-six months of imprisonment, the district court explained:

> The Court finds the sentence to be sufficient, but not greater than necessary, to satisfy the purposes of sentencing. This is a sentence within the range.
>
> I did not sentence you at the lowest end, sir, because, frankly, I don't like the conduct here. Stealing two ATM machines, as [the prosecutor] pointed out, did take substantial planning.

>    I did not sentence you at the highest end because I took into account your attorney's argument regarding the various points assigned to the driving-related offenses.

In addition, the district court recommended treatment for chemical dependency and ordered payment of restitution. The record shows that the district court adequately addressed the relevant § 3553(a) factors, including Sims's history and characteristics, the nature and circumstances of the offense, the need to provide correctional treatment, and the need to provide restitution to victims. Sims has failed to demonstrate that the district court committed plain procedural error in sentencing him.

"A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). Sims asserts that the district court placed great weight on an impermissible factor—the district court's dislike of his conduct. The district court's comment, "I don't like the conduct here," reflects consideration of the nature of the offense under § 3553(a)(1). Sims has failed to rebut the presumption of substantive reasonableness afforded his within-guidelines sentence. *See United States v. Evers*, 669 F.3d 645, 661 (6th Cir. 2012).

Sims also argues that a discrepancy in the written judgment creates confusion and fails to give him a sense of certainty as to his sentence. Sims asserts that the district court orally pronounced a within-guidelines sentence of forty-six months of imprisonment, which was later memorialized in the written minutes of the sentencing proceeding and the second page of the written judgment. He further explains that in the statement of reasons attached to the written judgment, the district judge checked the box next to: "The sentence is within an advisory guideline range that is not greater than

24 months, and the court finds no reason to depart." According to Sims, this creates a discrepancy in the written judgment, as the box references a guideline range "that is not greater than 24 months," yet his sentence is greater than 24 months.

However, the box that the district court checked references the magnitude of the guidelines range itself, not the length of the actual sentence imposed.[2] Thus, while the length of Sims's actual sentence was 46 months of imprisonment, the magnitude of his applicable guidelines range—which was calculated to be 41-51 months of imprisonment—was 10 months (the difference between 41 and 51 months). Thus, Sims's sentence was "within an advisory guideline range that is not greater than 24 months," and the district court created no discrepancy in checking the corresponding box.

Accordingly, we affirm Sims's sentence.

---

[2]The boxes at issue are mandated by 18 U.S.C. § 3553(c), which requires a district court to explain "the reason for imposing a sentence at a particular point within [a] range" if "that range exceeds 24 months."