NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0878n.06

No. 12-2322

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 08, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| ANTHONY VAN, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:     COLE, KETHLEDGE, and STRANCH, Circuit Judges.

COLE, Circuit Judge.   Defendant-Appellant Anthony Van was charged in a two-count information with making a false statement in a passport application, in violation of 18 U.S.C. § 1542, and falsely using a social security number, in violation of 42 U.S.C. § 408(a)(7)(B).  He pleaded guilty to both pursuant to a plea agreement, in which the government recommended that he receive a sentence at the low point of his zero-to-six month guidelines range.  The district court imposed a nine-month sentence, apparently in part because of its suspicion that Van was involved in an undisclosed criminal scheme.  Van now appeals his sentence.  Because we find the sentence substantively unreasonable, we vacate the sentence and remand for resentencing.

## I.  BACKGROUND

For almost thirty years, Van has gone by the name Anthony A'Ve, taken when he converted to the Baha'i faith.  Although he never legally changed his name, his five children and wife also

adopted the A'Ve surname. In 1993, Van used the surname A'Ve, as well as a fraudulent social security number ending in 5667, to obtain employment as a corrections officer for the Michigan Department of Corrections. In 2009, Van again used the surname A'Ve, this time corroborated by a fake birth certificate and a fake driver's license, as well as a fraudulent social security number ending in 3337, to apply for a passport in Detroit, Michigan.

The Social Security Administration detected the fraud because the 3337 number did not belong to anyone named Anthony A'Ve. U.S. State Department agents eventually discovered that Van's birth certificate was fake and that he was receiving income under the fraudulent 5667 number. When interviewed, Van initially lied to the agents about his name and birthplace, but he eventually admitted that he was born as Anthony Van in Mississippi and that his social security number ends in 2447.

Van pleaded guilty, under a Rule 11 plea agreement, to making a false statement in a passport application, in violation of 18 U.S.C. § 1542, and falsely using a social security number, in violation of 42 U.S.C. § 408(a)(7)(B). In return, the government dismissed a four-count indictment that had been returned against him with respect to his fraudulent passport application. The plea agreement calculated Van's guideline range to be zero to six months, and the government recommended that he be sentenced at the low point of the range.

After accepting his guilty plea, the district court held a sentencing hearing. The court expressed concern that Van's behavior was "under-explained." Though the information provided by Van "suggest[ed] that [he] led a pristine life, unaffected by crime," his "manipulation" of various social security numbers led the court to suspect that he must have been part of a greater "scheme."

Because the court was "very, very uncertain about the underlying facts," it continued Van's sentencing to allow him to supplement the record in case "there was something more benign or understandable, some kind of gross confusion . . . that would let [the court] . . . mitigate the Court's serious concern about his behavior." Van declined to provide additional information. Instead, Van filed a pro se motion to dismiss for lack of subject matter jurisdiction, which was stricken because only counsel may file pleadings. The court took the motion as evidence that Van did not fully accept responsibility for his actions.

At the second sentencing hearing, the district court acknowledged that Van's guidelines range was zero to six months, but because Van had declined to supplement the record and had filed a motion to dismiss, the court was "considerably more strongly inclined now than [at Van's first sentencing hearing] to think that some kind of scheme [ ] was afoot in Mr. Van's behavior." The court acknowledged that it was not sure what that "scheme" involved, other than "something more going on here than a mere misuse of a phony identification." Again the court asked if Van wanted to supplement the record, and again Van declined.

The court sentenced Van to nine months of imprisonment  three months above the maximum of the guidelines range   and two years of supervised release. Rather than alter Van's guidelines calculation, the court found under § 3553(a)(1) that "the characteristics of the defendant [were] less than fully accepting of the seriousness of the situation." The court then explained:

> Judges feel uncomfortable often, I think, when they are left in the dark. Sometimes that happens as a matter of design, sometimes it's accidental. It's almost always the case in a criminal prosecution that the Government and the investigators know more about the case than the judge does, things that have not been revealed and so forth.

I don't find that to be the case here. I'm left in the dark based upon circumstances. This, this is a mysterious set of circumstances that remains a mystery. It remains unexplained. The mystery is amplified by the defendant's attempted file    pro se filing of a motion to dismiss. The language used in the final paragraph of that filing is essentially aggressive. The defendant, as he has a right to do, declines to provide any additional comment or explanation or further mention of those acts.

All of these things taken together lead me to think the guideline range is insufficient to address the circumstances of this defendant's behavior.

Van now appeals, arguing that his sentence was both procedurally and substantively deficient. We address each of these concerns in turn.

## II. ANALYSIS

### A. Procedural Unreasonableness

A district court commits an unreasonable procedural error by, for example, "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence    including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Though we generally review sentences for procedural reasonableness under an abuse of discretion standard, *id.*, we review for plain error where a defendant did not object at sentencing despite an opportunity to do so, as here, *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Plain error is "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal quotation marks omitted). We find such error "only in exceptional circumstances" and "only where the error is so

plain that the trial judge . . . [was] derelict in countenancing it." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006) (internal quotation marks and citations omitted).

Van argues that the court's sentence was procedurally unreasonable because it was based on a clearly erroneous fact—the court's suspicion that he was involved in a undisclosed scheme—and on his failure to explain the facts surrounding his conduct. We cannot say, however, that any potential procedural error committed by the court was "obvious or clear."

The court did appear to draw an inappropriate conclusion that Van was involved in a more serious criminal "scheme," but it is not obvious or clear that the court actually based Van's sentence on this suspicion. In its explanation of facts justifying the above-guideline sentence, the court wrote that Van's attempt "to acquire international travel documents in the form of a passport in a false name for 'religious reasons,' as the defendant has asserted, implies some sort of scheme[,] the details [of] which are beyond the knowledge of the Court." The court further noted that Van's criminal behavior "is mysterious and remains so" and that Van "has presented a mysterious set of circumstances that remains a mystery and is unexplained." After a lengthy discussion that included these comments, but also included the court's views that Van did not fully accept responsibility and that Van's criminal conduct could have resulted in a mandatory two-year sentence if charged under another crime, the court stated that "all of these things taken together lead me to think the guideline range is insufficient to address the circumstances of this defendant's behavior." This general statement, however, is not enough for us to find it *obvious or clear* that the court selected Van's sentence based on a clearly erroneous fact.

Similarly, and contrary to Van's arguments, the court provided enough information to explain adequately its upward variance. The court explained, albeit in a slightly disorganized manner, that it was imposing a harsher sentence in part because (1) the offense was serious, and in the court's view Van's conduct was "essentially identical" to conduct that would receive a two-year mandatory minimum sentence under another offense; and (2) Van did not fully accept the seriousness of his conduct, as evidenced by his pro se motion to dismiss.

Finally, it was not obvious or clear that the court based Van's sentence on his failure to provide additional information. It is undisputed that the Fifth Amendment gives defendants the right to remain silent at sentencing without fear that their silence will be used against them. *Mitchell v. United States*, 526 U.S. 314, 326  29 (1999). Nevertheless, the court explicitly and repeatedly noted that Van had the right to refuse to speak and that it would not consider Van's refusal in its sentencing analysis. Again, any potential error involving Van's Fifth Amendment rights was not obvious or clear.

Based on the record before us, we cannot say that this case presents one of the "exceptional circumstances" in which plain error, a demanding standard, occurred. We thus do not find Van's sentence procedurally unreasonable.

### B.  Substantive Unreasonableness

A sentence may be substantively unreasonable "when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). Even if a district court relies on a large number of relevant factors,

we must vacate and remand for resentencing if the court considers an impermissible factor in calculating a defendant's sentence. *United States v. Recla*, 560 F.3d 539, 545 (6th Cir. 2009); *United States v. Hunt*, 521 F.3d 636, 649 (6th Cir. 2008). Moreover, the court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50 (citation omitted).

Because substantive reasonableness claims do not need to be preserved in the district court, we review this issue under the typical abuse-of-discretion standard. *United States v. Freeman*, 640 F.3d 180, 185 (6th Cir. 2011). "An abuse of discretion occurs when the reviewing court is left with the 'definite and firm conviction that the trial court committed a clear error of judgment.'" *Hunt*, 521 F.3d at 648 (internal citations omitted). We note that an appellate court should not overturn a sentence just because it "might reasonably have concluded that a different sentence was appropriate." *Gall*, 552 U.S. at 51. Indeed, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* Nevertheless, if the abuse of discretion standard "is to have any teeth, it has to require at least a remand where the district court appears to have relied upon factors that cannot be legitimately relied upon." *Hunt*, 521 F.3d at 650.

Van argues that the district court unreasonably based his sentence in part on speculation that he was involved in an unknown criminal "scheme." We agree. The case of *United States v. Hughes*, 283 F. App'x 345 (6th Cir. 2008), is instructive. There, we remanded for resentencing because the district court speculated during sentencing about the victim's wishes ("I feel that [restitution is] all the bank really wants anyway") and about the government's reasons for prosecuting the defendant ("[W]hat looks to me happened here is that . . . only when [the bank] decided [the defendant] simply

wasn't paying according to his schedule that [ ] they trotted over to the U.S. Attorney's Office and got [the defendant] indicted"). *Id.* at 353 54. We found that because "the district court's statements imply that it considered what sentence the bank might prefer," and the record contained no support that the bank would prefer a particular type of sentence, the court engaged in unreasonable speculation. *Id.* We also determined that because "the record implies that the district court may have considered the circumstances surrounding the government's decision to prosecute [the defendant] when fashioning his sentence," and there was no indication that such prosecution was brought in violation of the Constitution, the court engaged in unreasonable speculation. *Id.*

Here, the district court thought Van was involved in an undisclosed "scheme." Though we could not find it obvious or clear, the court does appear to have relied upon this speculation when fashioning Van's sentence. For example, at Van's first sentencing hearing, the court commented on Van's explanation of his conduct:

> It is a notably under-explained, almost unexplained set of circumstances. . . .
>
> And it just leaves me very, very uncertain about the underlying facts. It is an under-explained set of behaviors. And I need to be reasonably sure that I know what was going on before I can pass an appropriate sentence.

To give Van the opportunity to explain himself, the court continued the sentencing hearing. At the continued hearing, the court stated:

> I am considerably more strongly inclined now than I was [at Van's first sentencing hearing] to think that some kind of scheme [ ] was afoot in Mr. Van's behavior. And I think it's even more important for some sort of clearing of the air, opportunity at least to be offered if I am to be, shall we say, disabused of that inclination.

> Again, I am here in the same position as I was [at Van's first hearing] not quite knowing what to think about this, other than that there's something more going on here than a mere misuse of a phony identification.

At the end of that hearing, the court stated, "Judges feel uncomfortable often, I think, when they are left in the dark. . . . I'm left in the dark based upon circumstances. This, this is a mysterious set of circumstances that remains a mystery. It remains unexplained." In its explanation of the facts justifying the above-guidelines sentence, the court wrote that Van's conduct "implies some sort of scheme[,] the details [of] which are beyond the knowledge of the Court," and it again mentioned "a scheme to serve unknown purposes." The court's final paragraph began, "This defendant has presented a mysterious set of circumstances that remains a mystery that is unexplained." The court concluded, after discussing other relevant factors, "All of these things taken together lead me to think the guideline range is insufficient to address the circumstances of this defendant's behavior."

These statements imply that the district court considered that Van was involved in an undisclosed "scheme" when fashioning his sentence, but the record contains no support for this speculation. Indeed, the court explicitly stated that Van's circumstances were "unexplained," that the court was "left in the dark," and that the facts of this alleged scheme were "beyond the knowledge" of the court. This is unreasonable speculation, and the court's statements imply that it considered this speculation when imposing a sentence. In such a situation, we must vacate and remand for resentencing. *See Hughes*, 283 F. App'x at 353 54.

The government cites *United States v. Sims*, 512 F. App'x 540, 542 43 (6th Cir. 2013) (per curiam), to justify the court's consideration of speculation, but this case is inapposite. That court's

comment, "I don't like the conduct here," reflected "consideration of the nature of the offense under § 3553(a)(1)," but it was not unfounded speculation, as here. *Id.*

We cannot say, however, that the court abused its discretion by considering the other factors of which Van complains. We are not left with the "definite and firm conviction that the trial court committed a clear error of judgment" by considering the similarity of Van's offense to aggravated identity theft, and Van's decision to assume an alias rather than legally change his name, or Van's motion to dismiss as indicative that he did not fully accept responsibility for his conduct. *See Hunt*, 521 F.3d at 648. Moreover, we afford deference to the court's statement that it did not consider Van's refusal to provide additional information in its sentencing analysis.

In short, we conclude that the district court unreasonably based Van's sentence in part on speculation that he was involved in an unknown criminal "scheme." Van's sentence, therefore, was substantively unreasonable.

## III. CONCLUSION

Finally, Van requests that we assign his case to a different judge for resentencing "to avoid the appearance of impropriety." We do not find this judge's fairness, or the appearance of his fairness, seriously in doubt, so we decline the request. *See, e.g.*, *United States v. O'Georgia*, 569 F.3d 281, 297 (6th Cir. 2009).

For the foregoing reasons, we vacate the sentence and remand for resentencing consistent with this opinion.