RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0018p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 18-1178

RICHARD PARRISH,

*Defendant-Appellant*.

───────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:17-cr-20807-1—Bernard A. Friedman, District Judge.

Decided and Filed:  February 12, 2019

Before:  KEITH, COOK, and LARSEN, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:**  Jessica Lefort, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for Appellant.  Jihan M. Williams, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

LARSEN, J., delivered the opinion of the court in which COOK, J., joined.  KEITH, J. (pp. 8–9), delivered a separate dissenting opinion.

───────────────

## OPINION

───────────────

LARSEN, Circuit Judge.  Richard Parrish had a cellphone in prison.  After a woman outside the prison informed prison officials that he had been texting her, Parrish was charged with misdemeanor possession of contraband and pleaded guilty.  The district court sentenced Parrish to five months in prison to run consecutively to his 250-month prison sentence for

controlled substance distribution. On appeal, Parrish challenges the reasonableness of his sentence. We AFFIRM.

I.

On June 25, 2017, a woman outside the prison left an anonymous tip with a corrections officer, saying that Parrish, a federal prisoner, had been texting her. Officers began a search; found Parrish in a prison bathroom; and saw him pull a cellphone from his pocket, break the phone in half, and toss it away. The officers recovered the phone. Parrish was charged with one count of possession of contraband in prison, a misdemeanor offense. 18 U.S.C. § 1791(a)(2). He pleaded guilty to the charge.

The government asked for a sentence within the Guidelines range of four to ten months. Defense counsel asked the district court to impose a below-Guidelines sentence of one day, arguing that the court should vary downward because the Bureau of Prisons had already disciplined Parrish for the cellphone incident; because a one-day sentence was commensurate with sentences given to others in the district charged with the same crime; and because Parrish had not seen his family in three years and so had used the phone to "contact friends and family on the outside." When asked at sentencing whether he had anything to say, Parrish told the court that he "had the phone to keep in contact with my children[] and stuff like that." Responding to Parrish's statement and explaining the sentence, the court stated:

> In this matter, the Bureau of Prisons became aware of the situation . . . because some third-party who he was texting, a woman, contacted them. So that's fairly disturbing because, obviously, it wasn't his family or they wouldn't have turned him in.

> Somebody turned him in that didn't want him to contact them. So this is a different case, though. I have seen another one. At least in my mind if he was contacting his family, that's—you know, it's not right, but . . . he's contacting somebody that didn't want him to contact them and turned him in, which is pretty acute in this day and age especially.

> And I understand that he has been probably more than sufficiently disciplined in the prison system, but the prison system is not the criminal justice system. And there's no question about that. I have to impose a sentence pursuant to the sentencing guidelines, if I find them applicable. And I do find them applicable in this case. I don't have any reason to fashion anything other than the sentencing guidelines because I don't see any reason why it wouldn't be fair.

And also under the 3553 criteria. As I say, this is the criminal aspect of it, not the disciplinary aspect of it, of the prison.

And I have to fashion something. Especially in this case. This one is a deterrence case to a great deal that will deter him and those in prison for a long time.

And it's frustrating and I understand that. But we have to deter not only him but others so that they know that they have—you know, if they're going to face the prison system, they're going to face whatever happens there. When they face the criminal law system then, number one, they have to have respect for the law. They have to tell them that, you know, there's going to be consequences. They have to be deterred so they think twice before they breach, and to adequately punish.

The district court sentenced Parrish to five months' imprisonment, at "the low end of the sentencing guidelines," to run consecutively to his 250-month sentence. Parrish timely appealed.

II.

A criminal sentence must be both procedurally and substantively reasonable. *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012). Procedural reasonableness requires the court to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Substantive reasonableness focuses on whether a "sentence is too long (if a defendant appeals) or too short (if the government appeals)." *Id.* at 442. "The point is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness." *Id.* Instead, substantive unreasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* We review claims of both procedural and substantive unreasonableness for an abuse of discretion, although we review the district court's factual findings for clear error and its legal conclusions de novo. *Id.* at 440, 442.

*Procedural Reasonableness.* Parrish argues that the district court imposed "a substantively unreasonable sentence that was based on bare speculation without basis in fact."

Although couched in terms of substantive reasonableness, Parrish's unreasonable speculation claim is, in reality, a procedural reasonableness challenge.

That Parrish's claim is procedural, not substantive, becomes apparent once we look beyond the label Parrish assigns to his argument. Parrish asked for lenience at sentencing on the ground that he had used the cellphone to contact his family. He now claims that the district court concluded, "without basis in fact," that he had instead used the cellphone to harass someone. Parrish contends that there was no evidence to support the district court's supposed finding of harassment—in other words, he argues that the district court made an erroneous factual finding. Parrish's unreasonable speculation claim, therefore, is simply another way of saying that the district court "select[ed] a sentence based on clearly erroneous facts." *Gall*, 552 U.S. at 51. Such a claim sounds in procedural, not substantive, reasonableness. *Id.*

Parrish relies on two unpublished opinions of this court that treated this sort of "unreasonable speculation" claim as a challenge to a sentence's substantive reasonableness. *See United States v. Van*, 541 F. App'x 592, 596–98 (6th Cir. 2013); *United States v. Hughes*, 283 F. App'x 345, 353–56 (6th Cir. 2008). In those cases, the parties cast the unreasonable speculation arguments as claims that the district courts had based the sentences on an "impermissible factor"; this court then treated those claims as sounding in substantive reasonableness. *See, e.g.*, *Van*, 541 F. App'x at 596–97.

When *Van* and *Hughes* were decided, it was unsettled in this circuit whether a district court's consideration of an impermissible factor should be treated as procedural or substantive error. *See, e.g.*, *United States v. Musgrave*, 761 F.3d 602, 607 n.1 (6th Cir. 2014); *United States v. Espericueta-Perez*, 528 F. App'x 572, 578 n.5 (6th Cir. 2013); *United States v. Chowdhury*, 438 F. App'x 472, 476 (6th Cir. 2011); *see also United States v. Malone*, 503 F.3d 481, 484 (6th Cir. 2007) ("Despite being categorized in our cases under the substantive reasonableness prong, consideration of an impermissible factor—it seems to us—more appropriately involves the procedural reasonableness prong . . . ."). But in 2016, the court settled the question, concluding that "consideration of an impermissible factor is more properly considered a procedural, not substantive, error." *United States v. Cabrera*, 811 F.3d 801, 809 (6th Cir. 2016); *see also Rayyan*, 885 F.3d at 440 (stating that procedural reasonableness requires the court to "refrain

from considering impermissible factors"); *United States v. Turner*, 738 F. App'x 856, 860 (6th Cir. 2018); *United States v. Israel*, 662 F. App'x 382, 391 n.3 (6th Cir. 2016). Accordingly, whether we characterize Parrish's unreasonable speculation claim as an argument that the district court selected a sentence based on clearly erroneous facts, as we would do, or as an argument that the district court based the sentence on an impermissible factor, as *Van* and *Hughes* did, his claim challenges the procedural, not substantive, reasonableness of his sentence.

To preserve challenges to procedural sentencing errors for appeal and avoid plain error review, a defendant generally must raise his objection during the sentencing proceeding. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc). Parrish did not object to his sentence as having been based on unreasonable speculation. Nonetheless, he contends that plain error review is inappropriate because the district court failed to comply with *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004), which requires the district court to ask the parties whether they have objections to the sentence. We need not decide whether plain error applies, however, because the district court did not commit procedural error here, plain or otherwise.

Parrish does not dispute that the district court is free to make reasonable inferences from facts in the record when fashioning a sentence. *See United States v. Howder*, Nos. 17-3413, 17-3454, 2018 WL 4056032, at *5–6 (6th Cir. Aug. 27, 2018). Here, the record indicates that a woman contacted a corrections officer to report that Parrish was texting her from inside the prison. She presumably knew that her tip would lead to the phone's confiscation. From this, the district court inferred that the woman did not want contact with Parrish. We cannot say this was unreasonable.

The district court rejected Parrish's argument that he should be granted a downward variance because he had used the cellphone only to contact his children. Implicit in this argument must have been a claim that his children would have welcomed the contact; it is hard to see how an argument for a downward variance based on unwanted calls to family could have been reasonable. But Parrish offered no evidence, other than his own statement, to support his claim that he was using the cellphone only to reach out to his family. And, although the district court did seem to infer that the woman Parrish had been texting was not a relative, the point the

court stressed was not the lack of familial relationship between the woman and Parrish, but that the woman did not want contact with him. This, according to the district court, distinguished Parrish's case from those in which an outside party had welcomed contact with the prisoner.

We cannot conclude, therefore, that the district court based the sentence on unreasonable speculation. The record supported the district court's reasonable inferences, so the cases on which Parrish relies—*Van*, 541 F. App'x at 596–98, and *Hughes*, 283 F. App'x at 353–56—are distinguishable. As a result, Parrish has not shown that his sentence was procedurally unreasonable.

*Substantive Reasonableness*. Parrish argues that his sentence was substantively unreasonable because (1) the district court relied solely on deterrence and ignored other pertinent § 3553(a) factors and (2) the district court did not consider the need for avoiding local sentencing disparities when imposing Parrish's sentence. Neither argument overcomes the presumption of reasonableness afforded within-Guidelines sentences such as Parrish's. *See Vonner*, 516 F.3d at 389.

First, we disagree with Parrish that the district court focused solely on deterrence. By reasonably inferring that Parrish's contact with the woman was unwanted and thereby concluding that the case was more concerning than others, the district court appropriately considered the nature and circumstances of the offense, *see* 18 U.S.C. § 3553(a)(1), as well as its seriousness, *see id.* § 3553(a)(2)(A). The district court also considered the kinds of sentences available, taking account both of the Guidelines range and of Parrish's argument that a downward variance to a one-day sentence could have been appropriate because the prison system had already disciplined him for his actions. *See id.* § 3553(a)(3). The court also appears to have considered the effect of Parrish's conduct on the public, *see id.* § 3553(a)(2)(C), by emphasizing the seriousness of unwanted contact from prisoners to persons outside the prison. Finally, the district court specifically mentioned promoting respect for the law, *see id.* § 3553(a)(2)(A), when finding the within-Guidelines sentence appropriate. As a result, the district court did not unreasonably focus on deterrence over other § 3553(a) factors.

Second, regarding disparities, Parrish contends that the district court did not consider his argument that, like others convicted of the same crime, he should receive a one-day sentence. "[W]hen 'a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it.'" *United States v. Jones*, 489 F.3d 243, 251 (6th Cir. 2007) (quoting *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006)). The record reflects that the district court considered and rejected Parrish's argument. Only moments after defense counsel made the local disparity argument, the court explained that "this is a different case, though . . . he's contacting somebody that didn't want him to contact them." In addition, the district court was not even required under § 3553(a)(6) to assess the local disparities of a sentence; rather, the focus of § 3553(a)(6) is on "national disparities, not specific individual cases." *United States v. Gamble*, 709 F.3d 541, 555 (6th Cir. 2013) (citing *United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010)).

Because Parrish's arguments regarding deterrence and disparities fail, he has not overcome the presumption of reasonableness afforded to a within-Guidelines sentence and has not shown that the district court abused its discretion by sentencing him near the bottom of the Guidelines range.

* * *

We AFFIRM the judgment of the district court.

———————————

**DISSENT**

———————————

DAMON J. KEITH, Circuit Judge, dissenting.  Because I disagree with the majority's view that the record supports the district court's assumptions, I respectfully dissent.

In *United States v. Hunt*, we stated that "it does not matter that the district court relied on a number, even a large number, of relevant facts in its sentencing, if it also relied on facts that it could not properly consider.  Thus we would not hesitate to reverse a sentence if a judge relied on numerous relevant facts but also relied, for instance, on the morning's horoscope."  521 F.3d 636, 649 (6th Cir. 2008).  Here, the district court's assumptions that Parrish was using the cellphone to harass a non-family member that did not want him contacting her are simply unsupported by the record, and its use of these assumptions in fashioning its sentence is prohibited.  *United States v. Hughes*, 283 Fed. Appx. 345, 353 (6th Cir. 2010) (holding "district courts may not make 'unfounded assumptions' when fashioning a sentence for a defendant.").

The majority attempts to distinguish *Hughes* and *United States v. Van*, 541 Fed. Appx. 592 (6th Cir. 2013), by stating that unlike in those cases, the record here supports the district court's inferences.  However, this is untrue.  The record below is void of any facts of who the woman was, why she provided an anonymous tip, and the extent of the contact she had with Parrish.  Further, the Government concedes that it has no evidence that Parrish was using the cell phone to conduct illegal activity.

The majority acknowledges that the district court used its inferences to distinguish Parrish's case from others.  But as the fact-finder, the district court did not have to rely on such inferences, and could have attempted to determine these facts.  Instead, the district court used words such as "obviously" and "probably" to create its own narrative and to fill in these blanks.  The district court chose to "[impute] some nefarious conduct to [Parrish] that the record simply does not support," which is unreasonable.  *United States v. Heard*, 2018 WL 4339892, at *14 (6th Cir. Sep. 11, 2018) (J. Moore, dissenting).

Additionally, the majority makes several inferential leaps in attempts to interpret the meaning of Parrish's statements at sentencing and to characterize the district court's assumptions as reasonable. However, the district court went beyond making reasonable inferences, and treated its assumptions as fact in fashioning Parrish's sentence. "Because the district court's statements imply that it [assumed that the woman did not want contact with Parrish] and there was no support in the record for the district court's [assumptions], we conclude that the district court engaged in unreasonable speculation." *Hughes*, 283 Fed. Appx. at 353-54. "In such a situation, we must vacate and remand for resentencing." *Van*, 541 Fed. Appx. at 598 (finding that a district court abused its discretion when it considered that the defendant was involved in an undisclosed scheme in fashioning its sentence, where the record contained no support for its speculation).

This court should be careful not to affirm sentences based on such unreasonable speculation, and for this reason, I dissent.