DAMON J. KEITH, Circuit Judge, dissenting.
Because I disagree with the majority's view that the record supports the district court's assumptions, I respectfully dissent.
In United States v. Hunt , we stated that "it does not matter that the district court relied on a number, even a large number, of relevant facts in its sentencing, if it also *1050 relied on facts that it could not properly consider. Thus we would not hesitate to reverse a sentence if a judge relied on numerous relevant facts but also relied, for instance, on the morning's horoscope." 521 F.3d 636, 649 (6th Cir. 2008). Here, the district court's assumptions that Parrish was using the cellphone to harass a non-family member that did not want him contacting her are simply unsupported by the record, and its use of these assumptions in fashioning its sentence is prohibited. United States v. Hughes , 283 Fed. Appx. 345, 353 (6th Cir. 2008) (holding "district courts may not make 'unfounded assumptions' when fashioning a sentence for a defendant.").
The majority attempts to distinguish Hughes and United States v. Van , 541 Fed. Appx. 592 (6th Cir. 2013), by stating that unlike in those cases, the record here supports the district court's inferences. However, this is untrue. The record below is void of any facts of who the woman was, why she provided an anonymous tip, and the extent of the contact she had with Parrish. Further, the Government concedes that it has no evidence that Parrish was using the cell phone to conduct illegal activity.
The majority acknowledges that the district court used its inferences to distinguish Parrish's case from others. But as the fact-finder, the district court did not have to rely on such inferences, and could have attempted to determine these facts. Instead, the district court used words such as "obviously" and "probably" to create its own narrative and to fill in these blanks. The district court chose to "[impute] some nefarious conduct to [Parrish] that the record simply does not support," which is unreasonable. United States v. Heard , 749 Fed.Appx. 367, 384 (6th Cir. 2018) (J. Moore, dissenting).
Additionally, the majority makes several inferential leaps in attempts to interpret the meaning of Parrish's statements at sentencing and to characterize the district court's assumptions as reasonable. However, the district court went beyond making reasonable inferences, and treated its assumptions as fact in fashioning Parrish's sentence. "Because the district court's statements imply that it [assumed that the woman did not want contact with Parrish] and there was no support in the record for the district court's [assumptions], we conclude that the district court engaged in unreasonable speculation." Hughes , 283 Fed. Appx. at 353-54. "In such a situation, we must vacate and remand for resentencing." Van , 541 Fed. Appx. at 598 (finding that a district court abused its discretion when it considered that the defendant was involved in an undisclosed scheme in fashioning its sentence, where the record contained no support for its speculation).
This court should be careful not to affirm sentences based on such unreasonable speculation, and for this reason, I dissent.