NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0483n.06

Case No. 24-5936

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Oct 20, 2025

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| LEE ROSE, | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |
| | ) | |

Before: COLE, KETHLEDGE, and NALBANDIAN, Circuit Judges.

COLE, Circuit Judge. Lee Rose appeals his within-Guidelines 216-month sentence as procedurally and substantively unreasonable. He argues the district court improperly classified his prior Kentucky convictions as qualifying predicate offenses for career offender status and gave excessive weight to his criminal history. For the following reasons, we affirm.

I.

Rose pleaded guilty to one count of distribution of 50 grams or more of a mixture containing methamphetamine. Pursuant to his plea agreement, the government moved to dismiss three remaining counts against him. The parties did not stipulate to a criminal history category.

The presentence investigation report (PSR) calculated his Guidelines range as 188–235 months based on a total offense level of 31 and a criminal history category of VI. Rose qualified for this category through both his 14-point criminal history score and his status as a career offender under U.S.S.G. § 4B1.1(a) due to several prior controlled substance state felony convictions.

But he did not receive any criminal history points for eight other previous convictions. Rose did not object to the PSR.

At sentencing, the district court asked Rose if he had reviewed and discussed the PSR with his counsel. Rose's counsel nodded affirmatively. After noting the lack of objections, the court adopted the PSR's findings and Guidelines calculations. In doing so, the court discussed the basis for the Guidelines range: the offense level calculations, Rose's career offender status and the consequences of that designation, a three-level reduction for acceptance of responsibility, and criminal history points.

After this discussion, the court sustained the government's motion to dismiss the remaining charges before turning to Rose and his counsel for their statements. Rose's counsel stated, "[t]he guidelines and those calculations are accurate and correct[.]" (Sentencing Tr., R. 40, PageID 158.) The district court then adopted the government's recommended 216-month sentence after considering the 18 U.S.C. § 3553(a) factors, noting that it may have been justified in imposing a sentence greater than that suggested by the government. Rose's counsel did not present any objections at the close of the sentencing and accepted the district court's findings.

II.

"Sentences must be both procedurally and substantively reasonable." *United States v. Walters*, 775 F.3d 778, 781 (6th Cir. 2015). We review the reasonableness of a sentence for abuse of discretion. *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007). The district court's "legal interpretation of the [Sentencing] Guidelines are reviewed de novo, but its factual findings are reviewed under the clearly erroneous standard." *United States v. Battaglia*, 624 F.3d 348, 351

(6th Cir. 2010) (citation omitted). Rose challenges both the procedural and substantive reasonableness of his sentence. We address each challenge in turn.

III.

Rose argues that his sentence was procedurally unreasonable because his prior Kentucky convictions for possession of a methamphetamine precursor chemical are not sufficient career offender predicates. In response, the government contends that Rose waived any challenge to the career offender enhancement by failing to object through counsel to the PSR and agreeing that the Guidelines calculations were correct at sentencing.

We must first consider whether Rose preserved this challenge for appeal. Waiver is the intentional abandonment of a known right. *United States v. Olano*, 507 U.S. 725, 733 (1993). A defendant waives a claim by conceding an enhancement or Guidelines range during sentencing and then challenging the use of that enhancement or Guidelines range on appeal. *See United States v. Akridge*, 62 F.4th 258, 263 (6th Cir. 2023) (stating that a defendant may have waived his claim that the district court miscalculated his Guidelines range by "actually conced[ing] that his original Guidelines range applied" during resentencing); *United States v. Mabee*, 765 F.3d 666, 673 (6th Cir. 2014) (explaining that a party waives a claim when it makes "a plain, explicit concession on the record addressing the precise issue later raised on appeal").

Although there was no such procedural error, had there been one, Rose waived his ability to challenge it. During sentencing, his counsel stated that the court's calculation of the recommended Guidelines calculations and range were correct. Rose therefore agreed with the district court's proposed course of conduct—to adopt the recommended Guidelines, including Rose's career offender status—which leaves us no error to review. *United States v. Carter*, 89 F.4th 565, 568–69 (6th Cir. 2023) (stating that "there would be nothing for us to review" where

"defense counsel 'explicitly agreed' . . . 'with [the] judge's proposed course of conduct'" (alteration in original) (quoting *Mabee*, 765 F.3d at 673)).

Accordingly, we decline to review the district court's sentence for procedural reasonableness.

IV.

We next turn to the substantive reasonableness of Rose's sentence. "A claim that a sentence is substantively unreasonable is a claim that a sentence is too long . . . or too short[.]" *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). A sentence "must be proportionate to the seriousness of the circumstances . . . and sufficient but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a)." *United States v. Zabel*, 35 F.4th 493, 504 (6th Cir. 2022) (quoting *United States v. Young*, 847 F.3d 328, 371 (6th Cir. 2017)). A sentence within the Guidelines range is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). In reviewing the district court's sentence for abuse of discretion, we consider "the totality of the circumstances." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632 (6th Cir. 2010); *see also United States v. Johnson*, 934 F.3d 498, 500 (6th Cir. 2019) ("A district court gets plenty of deference in this area in view of the many factors that go into this judgment-driven exercise."). But we may consider whether the district court gave an "unreasonable amount of weight to any pertinent factor." *United States v. Husein*, 478 F.3d 318, 332 (6th Cir. 2007).

Rose argues that his sentence is substantively unreasonable because the district court weighed his criminal history too heavily. Specifically, he claims that the PSR unfairly represented his criminal history by including a number of other arrests—for which he received no criminal history points—and thus, the court incorrectly speculated that his criminal history was worse than it is. *See United States v. Hughes*, 283 F. App'x 345, 353–54 (6th Cir. 2008) (finding

"unreasonable speculation" where the district court's statements implied that it considered an irrelevant factor unsupported by the record).

But there is no such speculation here. Rose's allegation is unfounded on the record, which shows that the court considered "eight *convictions* for which [Rose] didn't receive any criminal history points." (Sentencing Tr., R. 40, PageID 164 (emphasis added).) This is not speculation, but a reference to record evidence that informed the court's consideration of two § 3553(a) factors: deterrence and protection of the public. 18 U.S.C. §§ 3553(a)(2)(B)–(C). Nor did the district court opine about off-record facts in Rose's sentencing. *Cf. Hughes*, 283 F. App'x at 353–54 ("[T]here was no support in the record for the district court's statement . . . [therefore] we conclude that the district court engaged in unreasonable speculation."); *United States v. Van*, 541 F. App'x 592, 598 (6th Cir. 2013) ("[T]he record contains no support for this speculation.").

The district court explained that it "consider[ed] all the information, not only the criminal history section" in reaching Rose's sentence, and it did in fact do so. (Sentencing Tr., R. 40, PageID 165.) It acknowledged Rose's supportive family and child support obligations, as well as his lowered risk of recidivism due to his increased age. (*Id.* at PageID 163–65.) Despite stating that there were potential reasons to go beyond the government's middle-of-the-Guidelines recommended sentence, the court imposed 216 months as the government suggested. Accordingly, there is no evidence that the court overemphasized Rose's criminal history, and thus, the mention of his other convictions did not unreasonably impact his sentence.

Because there is no other reason to override our presumption that Rose's within-Guidelines sentence is reasonable, we do not find any substantive unreasonableness here.

V.

For these reasons, we affirm the judgment of the district court.