NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0408n.06

No. 22-5073

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Oct 14, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) ) | STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF |
| LARRY A. CRUMP, | ) | KENTUCKY |
| Defendant-Appellant. | ) ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; STRANCH and DAVIS, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Larry Crump appeals his sentence totaling 234 months' imprisonment. The district court sentenced Crump within the relevant guideline range, but Crump challenges the substantive reasonableness of his sentence, arguing the district court failed to properly account for his mental health conditions in weighing the factors set forth in 18 U.S.C. § 3553(a). Because Crump's sentence was substantively reasonable, we **AFFIRM** the district court's judgment.

## I.   BACKGROUND

In the span of four days in November 2020, appellant Larry Crump robbed a check-cashing business and a bank in Mount Sterling, Kentucky. On both occasions, Crump displayed a handgun to an employee and demanded money. All told, Crump absconded with approximately $37,900 cash. Crump was arrested, and authorities recovered approximately $25,000 of the stolen cash from his uncle's house. The Government indicted Crump on the following five counts in the

Eastern District of Kentucky: (1) interference with commerce by threat or violence; (2) possession of a firearm in furtherance of a violent offense; (3) bank robbery; (4) possession of a firearm in furtherance of a violent offense; and (5) possession of a firearm by a convicted felon.

After arraignment, Crump's counsel moved for a competency evaluation, noting Crump's history of "attempts at self-harm that have required medical intervention," including an attempt while in custody. The Government did not object. On October 6, 2021, a magistrate judge conducted a competency hearing and, in line with the prepared competency report, found that Crump was competent to stand trial. Immediately following the competency hearing, Crump again harmed himself and was transported to the hospital. Approximately two weeks later, Crump pled guilty to four of the five counts in the indictment with an agreement that the Government would move to dismiss Count Two at sentencing.

On January 21, 2022, the district court held a sentencing hearing. Crump called his mother as a witness in mitigation of his sentence. Ms. Crump recalled her son's history of pediatric seizures and self-harm and described how his mental health conditions had affected his development. This testimony generally aligned with the Presentence Report, which detailed at least seven recent incidents of self-harm or attempted self-harm and listed Crump's reported mental health diagnoses. Also before the court was Crump's criminal history score of 26 points, placing him in Criminal History Category VI.

The court calculated Crump's guideline range. On Count Four, Crump faced a minimum consecutive term of 84 months. On Counts One and Three, the relevant guideline range was 130 to 162 months. On Count Five, the relevant guideline range was 120 months because of a 10-year statutory maximum. Crump asked for a sentence "at or below the applicable guideline range," while the Government requested the court vary upward to the statutory maximum of 240 months.

Ultimately, the district court sentenced Crump to a total of 234 months' imprisonment, consisting of concurrent 150-month terms on Counts One and Three, a concurrent 120-month term on Count Five, and the required consecutive 84-month term on Count Four.

The court cited the following facts in explaining its sentence: (1) the court's belief that Crump posed a high risk of recidivism; (2) Crump's rehabilitative needs related to his mental health conditions; and (3) Crump's 26 criminal history points, which placed him in the highest criminal history category. The court noted that "some of the criminal history . . . is related to mental health issues," although it was "concerned that those issues will continue going forward." It reasoned a within-Guidelines term of 150 months and a concurrent term of 120 months, in addition to the required consecutive 84-month term, was sufficient but not greater than necessary to meet the purposes of 18 U.S.C. § 3553.

## II. ANALYSIS

Crump appeals his sentence, arguing it is substantively unreasonable because the court failed to adequately weigh his mental health conditions.[1] A challenge to the substantive reasonableness of a criminal sentence by a defendant is essentially an argument that the sentence is too long. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). The substantive reasonableness inquiry determines if the length of a sentence conforms with the sentencing goals set forth in 18 U.S.C. § 3553(a) and asks whether the district judge "'abused his discretion in determining that the § 3553(a) factors supported' the sentence imposed." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020) (quoting *Gall v. United States*, 552 U.S. 38, 56 (2007)).

---

[1] Crump also mentions procedural reasonableness in his brief; however, he does not provide any arguments that his sentence was procedurally unreasonable. And he admits, "[t]he argument in the present case tends to be one of substance, more than procedure, insofar as the sentencing court failed to properly weigh and consider the factors set forth in 18 U.S.C. § 3553(a) . . . ." We agree and review Crump's sentence only for substantive reasonableness.

One way to gauge the substantive reasonableness of a sentence is to ask whether "the court placed too much weight on some of the § 3553(a) factors and too little on others" in reaching its sentencing decision. *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019) (quoting *Rayyan*, 885 F.3d at 442). If the court failed to give "reasonable weight to each relevant factor," the sentence that results is substantively unreasonable. *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019) (emphasis omitted). Moreover, a sentence within the applicable guideline range is afforded a rebuttable presumption of reasonableness. *Id.*; *United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007).

Applying this framework, we cannot say that Crump's within-Guidelines sentence is substantively unreasonable. The district court considered Crump's serious mental health conditions and determined that its imposed sentence best took those conditions and other factors, such as the need for deterrence and to protect the public, into account. Crump has not otherwise rebutted the presumption of reasonableness afforded to within-Guidelines sentences.

The district court clearly gave weight to Crump's mental health conditions. Specifically, it repeatedly recognized the need for Crump to receive "constant," "necessary," and "appropriate" mental health treatment for his "serious and ongoing" conditions throughout his terms of incarceration and supervised release. Further, the court accounted for Crump's serious mental health conditions—including the need for evaluation and treatment—in its recommendations to the Bureau of Prisons and its supervised release conditions. The record shows that the district court weighed Crump's mental health conditions as part of his history and characteristics and the need to provide him medical care. *See* 18 U.S.C. § 3553(a)(1), (2)(D).

Of course, the district court also had to consider other sentencing factors. In addition to Crump's mental health conditions, the court considered Crump's offense conduct and criminal

history, which placed Crump in the highest criminal history category by a significant margin. Based on these latter considerations, the district court reasonably believed Crump posed a high risk of recidivism and a danger to the public and needed to be deterred. *See United States v. Goode*, 834 F. App'x 218, 221 (6th Cir. 2020). Nonetheless, the district court considered the impact Crump's mental health conditions had on his criminal history and referenced them in its decision not to impose the statutory maximum requested by the Government. Ultimately, the court did not abuse its discretion in determining that a within-Guidelines sentence best captured these competing considerations. *See United States v. Tolbert*, 459 F. App'x 541, 547-48 (6th Cir. 2012) (affirming within-Guidelines sentence where district court found the need to protect the public outweighed defendant's mitigating mental health conditions).

To support his argument to the contrary, Crump cites two policy statements from the Guidelines. The first, § 5K2.13, permits a downward departure based on a defendant's "significantly reduced mental capacity" during the commission of the offense. USSG § 5K2.13. The second, § 5H1.3, "expressly addresse[s] the import of mental disabilities at sentencing," *United States v. Hunter*, 842 F. App'x 999, 1004 (6th Cir. 2021), by explaining that "[m]ental and emotional conditions may be relevant in determining whether a departure is warranted" if those conditions "are present to an unusual degree" as to distinguish the defendant from the typical case. USSG § 5H1.3. Notably, Crump did not move for a departure on these grounds; his counsel stated that his mental health conditions did not "necessarily firmly fit some grounds . . . for a downward departure," instead arguing for a variance or a sentence at the low end of Crump's guideline range.

A district court should consider a defendant's mental health conditions in its sentencing analysis, but it is not required to vary downward on that basis. *United States v. Owen*, 940 F.3d 308, 317 (6th Cir. 2019). Indeed, § 5K2.13 considers the kind of balance struck by the district

court in this case, providing that a court "may not depart below the applicable guideline range" based on a significantly reduced mental capacity if it finds there is a need to protect the public because of "a serious threat of violence" or the defendant's criminal history. USSG § 5K2.13.

Crump's argument under § 5H1.3 "boils down to an assertion that the district court should have balanced the § 3553(a) factors differently." *United States v. West*, 962 F.3d 183, 191 (6th Cir. 2020) (citation omitted). But our task is only to determine if the district court's balance was reasonable, not rebalance the factors ourselves. *Id.* In this case, the district court reasonably balanced the § 3553(a) factors in sentencing Crump to a within-Guidelines sentence.

## III. CONCLUSION

Based on the record and for the reasons discussed above, we **AFFIRM** Crump's sentence.