NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0171n.06

No. 22-5639

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="3"><strong>FILED</strong><br>Apr 18, 2023<br>DEBORAH S. HUNT, Clerk</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE EASTERN DISTRICT OF</td></tr>
<tr><td>DEANGELO DEVON GRANT,</td><td>)</td><td>KENTUCKY</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td>OPINION</td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

Before: SUTTON, Chief Judge; BOGGS and READLER, Circuit Judges.

PER CURIAM. Deangelo Devon Grant appeals his 264-month sentence for methamphetamine offenses. As set forth below, we affirm Grant's sentence.

Law enforcement received information about a UPS package containing narcotics and observed Grant retrieve the package from a mailroom and place it in the trunk of a vehicle. Following a traffic stop and a positive canine alert, law enforcement searched the vehicle and discovered approximately 43 pounds of a methamphetamine mixture in a box in the trunk. Laboratory testing of the methamphetamine showed that it contained 8,959 grams of actual methamphetamine.

A federal grand jury returned an indictment charging Grant with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in

violation of 21 U.S.C. § 841(a)(1). After the district court denied his motion to suppress evidence, Grant pleaded guilty to both counts.

At sentencing, the district court calculated Grant's guidelines range as 235 to 293 months of imprisonment based on a total offense level of 35 and a criminal-history category of IV. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Grant to the middle of that range—264 months of imprisonment—followed by five years of supervised release.

This timely appeal followed. Grant raises two issues on appeal: (1) whether the district court imposed a procedurally unreasonable sentence by applying the incorrect base offense level in calculating his guidelines range; and (2) whether the district court imposed a substantively unreasonable sentence by failing to properly weigh and consider the § 3553(a) factors.

Grant first argues that the district court procedurally erred in applying a base offense level of 38 for an offense involving 4.5 kilograms or more of actual methamphetamine under U.S.S.G. § 2D1.1(c)(1) rather than a base offense level of 36 for an offense involving at least 15 kilograms but less than 45 kilograms of methamphetamine under U.S.S.G. § 2D1.1(c)(2) based on the entire weight of the mixture or substance. Because Grant did not raise this objection to the guidelines calculation before the district court, even when afforded the opportunity to object to his sentence at the conclusion of the sentencing hearing, we review for plain error. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc); *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). Grant must "show (1) error (2) that 'was obvious or clear,' (3) that 'affected [his] substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Vonner*, 516 F.3d at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

The drug-quantity table found in U.S.S.G. § 2D1.1(c) distinguishes between "methamphetamine," which "refers to the entire weight of any mixture or substance containing a detectable amount of" methamphetamine, and "methamphetamine (actual)," which "refer[s] to the weight of the controlled substance, itself, contained in the mixture or substance." U.S.S.G. § 2D1.1(c) n. (A)-(B); *see United States v. Johnson*, 812 F. App'x 329, 331-32 (6th Cir. 2020). In the case of a mixture or substance containing methamphetamine, the district court is directed to "use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), *whichever is greater*." USSG § 2D1.1(c) n. (B) (emphasis added).

Grant contends that the district court should have applied a base offense level of 36 because the entire weight of the mixture or substance found in the vehicle was approximately 43 pounds or 19 kilograms. But laboratory testing showed that the mixture or substance contained 8.9 kilograms of actual methamphetamine, corresponding to a higher base offense level of 38. *See* USSG § 2D1.1(c)(1) ("4.5 KG or more of Methamphetamine . . . ."). The district court therefore did not err, let alone plainly err, in applying the higher base offense level.

Grant further argues that his sentencing based on the weight of the actual methamphetamine rather than the entire weight of the mixture or substance operated as an impermissible constructive amendment of the indictment, which charged offenses involving "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine." But the indictment's language limited the statutory penalties, not the base offense level under the sentencing guidelines. *See Johnson*, 812 F. App'x at 333. In any event, a constructive amendment of the indictment occurs "when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that

there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." *United States v. Smith*, 320 F.3d 647, 656 (6th Cir. 2003). But here Grant pleaded guilty to the offenses charged in the indictment.

Grant also challenges the substantive reasonableness of his sentence. We review the substantive reasonableness of Grant's sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "The essence of a substantive-reasonableness claim" made by a criminal defendant "is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "Simply put, a defendant's sentence is substantively unreasonable if it is too long." *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020). "One way to gauge the substantive reasonableness of a sentence is to ask whether 'the court placed too much weight on some of the § 3553(a) factors and too little on others' in reaching its sentencing decision." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753-54 (6th Cir. 2020) (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). We afford a rebuttable presumption of substantive reasonableness to a sentence within the properly calculated guidelines range. *Vonner*, 516 F.3d at 389-90.

Grant has not overcome that presumption. He asserts that the district court failed to give sufficient weight to his history and characteristics, resulting in a sentence that was unduly punitive. Grant specifically argues that the district court failed to give sufficient weight to the age of his prior convictions. Although he had older robbery convictions for which he served a lengthy prison sentence, Grant had more recent convictions for drug and firearm offenses. Grant also argues that the district court gave insufficient weight to his "highly destabilized childhood." During his allocution, Grant stated: "I was never really taught how to actually be a law-abiding citizen in

society . . . . I was always taught, you know, this is the way to do it, this is the way you live, so that's what I did." R. 89, Sentencing Tr., PageID 433. The district court addressed Grant's comments about his upbringing:

> And in this case, I will be recommending that Mr. Grant participate in programs that would assist him when he is released. And the BOP now has a number of programs that will be beneficial in terms of some of the problems that you've identified. In terms of when you're raised a certain way, you tend to act the way that you were raised, and the way you've known most of your life, but it doesn't have to be that way; it doesn't have to continue. And there are a number of very good programs that are available through the BOP . . . .

*Id*. at 435. The district court ultimately recommended that Grant participate in any available job skills and vocational-training programs.

The district court considered Grant's history and characteristics as well as other relevant § 3553(a) factors, including the need for the sentence to reflect the seriousness of his offenses, afford adequate deterrence, protect the public, provide vocational training, and avoid unwarranted sentence disparities. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(D), (a)(6). The district court properly balanced these factors and imposed a substantively reasonable sentence in the middle of the applicable guidelines range.

For these reasons, we **AFFIRM** Grant's 264-month sentence.