NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0187n.06

No. 22-3431

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Apr 21, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| ELLIOTT BONNER, | ) | OHIO |
| Defendant-Appellant. | ) ) | |
| | ) | OPINION |

Before: GRIFFIN, STRANCH, and DAVIS, Circuit Judges.

PER CURIAM. Elliott Bonner challenges the substantive reasonableness of his 84-month sentence for a firearm offense. As set forth below, we **AFFIRM** Bonner's sentence.

Bonner pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court calculated Bonner's guidelines range as 77 to 96 months of imprisonment based on a total offense level of 21 and a criminal history category of VI. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Bonner to 84 months of imprisonment followed by three years of supervised release. This timely appeal followed.

We review the substantive reasonableness of Bonner's sentence under a deferential abuse-of-discretion standard, "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010).

"Simply put, a defendant's sentence is substantively unreasonable if it is too long." *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020). "One way to gauge the substantive reasonableness of a sentence is to ask whether 'the court placed too much weight on some of the § 3553(a) factors and too little on others' in reaching its sentencing decision." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753-54 (6th Cir. 2020) (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). We afford a rebuttable presumption of substantive reasonableness to a sentence within the properly calculated guidelines range. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc). Bonner has not overcome that presumption.

Bonner argues that the district court placed too little weight on his traumatic upbringing and addiction struggles. But the sentencing transcript shows that the district court gave both matters significant attention. The district court addressed Bonner's childhood experiences, recognizing that his father was not present in his life and that his stepfather was abusive. The district court observed that Bonner had witnessed violence, including murders, at a young age and had been shot three times. The district court noted that Bonner had been diagnosed with depression and post-traumatic stress disorder, "probably from his childhood." The district court also addressed Bonner's addiction issues, stating that he had "reported a terrible gambling addiction," had "a history of using alcohol, marijuana, heroin, fentanyl, Percocet, cocaine, methamphetamine, and ecstasy," and had "been diagnosed with severe cannabis, moderate alcohol, and severe opioid use disorder in the past." The district court recommended Bonner's evaluation by the Bureau of Prisons for eligibility in the 500-hour drug treatment program and included substance abuse and mental health treatment in the special conditions of his supervised release.

Bonner further argues that recidivism rates decline with age and that the district court "gave short shrift to this factor." But Bonner was only 34 years old at the time of his sentencing and will

be in his early forties at the time of his release—younger than the age at which recidivism rates significantly decline. *See United States v. Payton*, 754 F.3d 375, 379 (6th Cir. 2014) ("These statistics suggest that past fifty years old there is a significantly lower rate of recidivism.").

In addition to considering Bonner's difficult childhood and his mental health and addiction issues, the district court addressed other relevant § 3553(a) factors. The district court discussed the nature and circumstances of Bonner's offense, noting that law enforcement officers found him slouched over in the driver's seat of a running vehicle parked on the side of the road and saw a revolver on his lap. The firearm was cocked and loaded, which "posed a danger not only to Mr. Bonner himself, but to others surrounding or around him." The district court noted that a search of Bonner's vehicle revealed marijuana, pills, a scale, cash, and ammunition. The district court also addressed Bonner's "significant" criminal history, which placed him in category VI, and listed his adult convictions. According to the district court, Bonner's conviction for assaulting a peace officer and his institutional infractions demonstrated "a record of violence." The district court pointed out that Bonner's prior periods of incarceration had done "nothing to deter [him] from continuing to engage in criminal conduct," and that he was serving a period of post-release control at the time of his offense and "knew very well that he was not to have the gun." The district court observed that Bonner had "not done well on probation or post-release control" and that the institutional summaries in the presentence report showed various infractions during his incarceration.

After considering the § 3553(a) factors, the district court concluded that a sentence "closer to the lower end" of the guidelines range was appropriate. Weighing the § 3553(a) factors "is a matter of reasoned discretion, not math." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir.

2018).  The district court acted within its discretion in considering and balancing the § 3553(a)

factors and imposed a substantively reasonable sentence.

Accordingly, we **AFFIRM** Bonner's sentence.