NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0240n.06

No. 22-3537

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 31, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| DOMINIK J. CAMPBELL, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: GIBBONS, LARSEN, and MURPHY, Circuit Judges.

LARSEN, Circuit Judge. Dominik Campbell pleaded guilty to being a felon in possession of a firearm after he pointed a gun at his girlfriend during an argument. The district court imposed an above-Guidelines sentence of 42 months' imprisonment. Campbell challenges the procedural reasonableness of his sentence. We AFFIRM.

I.

Dominik Campbell pointed a gun at his girlfriend during a verbal argument. This resulted in a grand jury indicting him for one count of being a felon in possession of a firearm. Campbell pleaded guilty as charged. The Presentence Report (PSR) calculated the Sentencing Guidelines range at 27 to 33 months. At sentencing, the district court varied upward and imposed a sentence of 42 months' imprisonment. When explaining its decision to vary upward, the district court said, among other things, "[W]hen felons possess firearms, they are more apt to use them. Statistics show that." Campbell's appeal revolves entirely around those two sentences.

II.

A criminal sentence must be procedurally reasonable. *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019). "Procedural reasonableness requires the court to 'properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence.'" *Id.* (quoting *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018)). Normally, we review a procedural-reasonableness challenge for an abuse of discretion. *Id.* But when the defendant does not properly object, plain error applies. *Id.* at 1048. Campbell concedes that he did not properly object, so he must "show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (citation and internal quotation marks omitted).

Campbell argues that his sentence is procedurally unreasonable because the district court failed to disclose the "[s]tatistics show[ing] that" "when felons possess firearms, they are more apt to use them." Campbell says that without knowing "what statistics the district court was relying upon," he could not contest their reliability. Reply Br. at 3.

We need not decide whether the district court plainly erred by invoking undisclosed statistics because Campbell can't show that any error affected his substantial rights. "A sentencing error affects a defendant's substantial rights when there is a reasonable probability that, but for the error, [he] would have received a more favorable sentence." *United States v. Wilson*, 614 F.3d 219, 223 (6th Cir. 2010).

The district court mentioned the "statistics" when explaining that felon in possession of a firearm is a serious offense. Campbell, who has seventeen prior criminal convictions, including prior convictions for being a felon in possession of a firearm, assault, and robbery involving a firearm, doesn't argue that his offense was not serious.

More importantly, the district court's statement played, at best, a minor role in the imposition of an upward variance. The court never returned to the seriousness of the offense but instead relied on a litany of other aggravating factors. The court noted Campbell's

> [h]istory of violence, threatening, robbing victims while possessing a firearm, spitting on law enforcement, assaulting individuals; two state custody terms, three federal custody terms which include two terms for violating supervised release; poor institutional adjustment during the pendency of this case, assaulted and spat on another inmate, spit in staff's faces on numerous occasions, had to put a spit hood over his face because he was so combative.

The district court also noted Campbell's extreme alcohol problem, explaining that he was "completely out of control." The court further explained that "nothing seem[ed] to work," so there was an "[e]xtremely high risk of recidivism." The court stated, "Usually I struggle," but "[t]his is easy. There are so many aggravating factors here that we have to protect the public, deter and punish." As a result, the district court imposed an upward variance.

Campbell makes no argument that despite the extensive aggravating factors identified by the district court, there is a "reasonable probability" that he "would have received a more favorable sentence" if he had a chance to rebut the statistics. *Wilson*, 614 F.3d at 223. He thus has failed to show plain error.

* * *

We AFFIRM.