NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0291n.06

No. 22-5612

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 21, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| v. | ) ) ) | |
| STEVEN RICHARD STILES, JR., | ) | |
| Defendant-Appellant. | ) ) | OPINION |
| | ) | |

Before: MOORE, CLAY, and NALBANDIAN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Steven Richard Stiles, Jr. pleaded guilty to employing a minor to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct. The district court sentenced Stiles to 324 months' incarceration. On appeal, Stiles argues that his sentence is both procedurally and substantively unreasonable. For the reasons that follow, we **AFFIRM**.

## I. BACKGROUND

In January 2022, Stiles was indicted on one count of employing a minor to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a), and one count of knowingly receiving a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct, in violation of 18 U.S.C. § 2252(a)(2). R. 9 (Indictment at 1–2) (Page ID #23–24). Stiles subsequently reached a plea agreement with the government,

wherein he pleaded guilty to the first count in exchange for the government moving to dismiss the second count.  R. 29 (Plea Agreement ¶ 1) (Page ID #84).

As part of the agreement, Stiles admitted that in June 2021, he "communicated with a fourteen-year-old female ('Minor Victim A') via Snapchat."  *Id.* ¶ 3(a) (Page ID #85).  He also admitted that:

> Minor Victim A told [Stiles] that she was 14 years old.  [Stiles] told Minor Victim A that he was 18 years old when, in fact, he was 33 years old at that time.  During their conversations, [Stiles] persuaded Minor Victim A to engage in sexually explicit conduct (that is, masturbation) for the purpose of producing images and videos thereof; he also asked Minor Victim A to send the images and videos to him via Snapchat.  Minor Victim A complied.

*Id.* ¶ 3(c) (Page ID #85).  Stiles admitted "that he knowingly received those images and videos and that he knew those images and videos were of a minor engaged in sexually explicit conduct."  *Id.* ¶ 3(d) (Page ID #85).  Stiles further admitted to communicating "with a twelve-year-old female ('Minor Victim B') via Snapchat."  *Id.* ¶ 3(e) (Page ID #85).  As with Minor Victim A:

> Minor Victim B told [Stiles] that she was 12 years old.  [Stiles] told Minor Victim B that he was 17 years old, when, in fact, he was 33 years old at that time.  During their conversations, [Stiles] persuaded Minor Victim B to engage in sexually explicit conduct (that is, masturbation) for the purpose of producing videos thereof; he also asked Minor Victim B to send the video to him via Snapchat.  Minor Victim B complied.

*Id.* ¶ 3(f) (Page ID #85).  Stiles admitted "that he knowingly received those videos and that he knew those videos were of a minor engaged in sexually explicit conduct."  *Id.* ¶ 3(g) (Page ID #85).  He further admitted that, continuing through December 2021, he "communicated with not less than 5 other minor females via Snapchat," persuading them "to produce visual depictions of themselves engaged in sexually explicit conduct" and asking them "to send those depictions to

him via Snapchat." *Id.* ¶ 3(h) (Page ID #85–86). The plea agreement preserved Stiles's right to appeal his sentence. *Id.* ¶ 8 (Page ID #87).

The presentence investigation report ("PSR") calculated Stiles's guideline sentence at 360 months' incarceration, the statutory maximum sentence. R. 46 (PSR ¶ 122) (Page ID #226). At his sentencing hearing, Stiles did not object to the guideline sentence, and he agreed that it was properly calculated. R. 50 (Sent'g Hr'g Tr. at 7–8) (Page ID #298–99). During the hearing, the district court correctly noted that "only two of [the victims] are properly included within relevant conduct" because Minor Victim "A is the offense of conviction, and Victim B is properly assessed [as] the pseudo count" but the other victims "aren't relevant conduct." *Id.* at 20 (Page ID #311). In announcing Stiles's sentence, the District Court stated the following:

> I think for any reviewing Court, of course, the Sixth Circuit will have an opportunity to review the Court's analysis and discussions and determination here. We have a total of seven victims. And this is perhaps more of a crude way of looking at this, but 15 years is the minimum for Count 1. Then we have six additional victims, Victims B through G.
>
> I've decided to impose a 15-year sentence for the Victim A and two additional years consecutive for each of the victims in B through G, which amounts to a 324-month sentence, which happens to be what you mentioned to be the average when a pattern enhancement is involved.

*Id.* at 64 (Page ID #355).

Stiles did not object to the sentence announced by the district court. *Id.* at 67 (Page ID #358). Stiles was formally sentenced to 324 months' incarceration, a downward variance of thirty-six months from the guideline sentence of 360 months' incarceration. R. 41 (J. at 2) (Page ID #187). Stiles now timely appeals. R. 42 (Notice of Appeal) (Page ID #194).

## II. ANALYSIS

### A. Procedural Reasonableness

Stiles argues that the district court considered an impermissible factor in fashioning his sentence by adding two years to the fifteen-year minimum sentence for each additional known victim. Although there has been some discussion as to whether a "district court's consideration of an improper factor is a substantive or procedural challenge," *United States v. Fowler*, 956 F.3d 431, 440 n.1 (6th Cir. 2020), the parties agree that Stiles's challenge is procedural in nature, *see* Appellant Br. at 10; Appellee Br. at 7. We also agree that "that consideration of an impermissible factor is more properly considered a procedural, not substantive, error." *United States v. Cabrera*, 811 F.3d 801, 809 (6th Cir. 2016). Because Stiles failed to object on these grounds at his sentencing hearing, he has forfeited this argument, and we review for plain error his procedural-reasonableness claim. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Plain-error review requires that a defendant "show (1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

Stiles cannot meet the heavy burden of plain-error review. "We have not adopted a comprehensive definition of what constitutes an 'impermissible factor,'" but "we have found reversible error where a district judge relies on a factor that is neither enumerated in nor consistent with the Sentencing Guidelines or 18 U.S.C. § 3553(a)." *Cabrera*, 811 F.3d at 808. Although the district court's use of a mathematical scheme in deciding Stiles's sentence was inadvisable, we

cannot say that the district court relied on a factor that was inconsistent with the § 3553(a) factors in fashioning Stiles's sentence.

First, it was not impermissible for the district court to consider Stiles's uncharged conduct towards the other victims in weighing the § 3553(a) factors. *See, e.g.*, *United States v. Rayyan*, 885 F.3d 436, 441 (6th Cir. 2018) ("[T]he Supreme Court has confirmed that sentencing courts may look to uncharged criminal conduct, indeed even acquitted conduct, to enhance a sentence within the statutorily authorized range."); *United States v. Rankin*, 929 F.3d 399, 407 (6th Cir. 2019). We have held that "[d]istrict courts are permitted to make 'reasonable inferences from facts in the record when fashioning a sentence,'" as long as the inferences are "supported by a preponderance of the evidence." *United States v. Hatcher*, 947 F.3d 383, 395 (6th Cir. 2020) (quoting *United States v. Parrish*, 915 F.3d 1043, 1048 (6th Cir. 2019)). The district court therefore did not err in weighing the uncharged conduct with the other § 3553(a) factors.

Second, the district court's use of a mathematical formula in weighing the § 3553(a) factors to decide on Stiles's sentence, although a much closer call, was not plain error. This court has previously acknowledged that *United States v. Booker*, 543 U.S. 220 (2005), and its progeny reject "a mechanistic approach" to sentencing. *United States v. Smith*, 474 F.3d 888, 893 (6th Cir. 2007); *see also United States v. Collington*, 461 F.3d 805, 808 n.2 (6th Cir. 2006) ("It is those very calculations that *Booker* and its progeny attempted to remove from the federal sentencing process."). After *Booker*, the use of such a mathematical formula is acceptable only if the district court "view[s] the results of its calculations as advisory and non-binding." *United States v. Lee*, 288 F. App'x 264, 268 (6th Cir. 2008). Although we believe that the district court's mathematical approach to fashioning Stiles's sentence was imprudent, we cannot say that it was plain error,

because the district court "(1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors . . . ; and (3) adequately articulated its reasoning for imposing the particular sentence chosen." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). "[L]ooking to the entire context and record" of the sentencing hearing, *United States v. Madden*, 515 F.3d 601, 612 (6th Cir. 2008), demonstrates that the district court considered all of the § 3553(a) factors before determining Stiles's sentence, R. 50 (Sent'g Hr'g Tr. at 55–64) (Page ID #346–55). Ultimately, the district court determined that the "sheer number of victims" justified the sentence that was imposed. *Id.* at 63 (Page ID #354). Although we do not think that the district court's mathematical approach to accounting for those victims was advisable, doing so was not plain error, because the court relied on the § 3553(a) factors.

## B. Substantive Unreasonableness

Stiles also argues that his sentence is unreasonably long. Federal courts review for abuse of discretion the reasonableness of a sentence. *Gall*, 552 U.S. at 41. A defendant does not need to object to the substantive reasonableness of their sentence to preserve the issue on appeal. *Vonner*, 516 F.3d at 389.

"The touchstone for our review is whether the length of the sentence is reasonable in light of the § 3553(a) factors." *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008). We must consider whether "the district court select[ed] a sentence arbitrarily, base[d] the sentence on impermissible factors, fail[ed] to consider relevant sentencing factors, or g[ave] an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). Because Stiles's sentence falls below the guidelines range, it is presumptively reasonable. *Vonner*, 516 F.3d at 389.

Stiles's argument that the district court "placed too much weight upon the Guidelines range, and too little upon some of the other § 3553(a) factors," Appellant Br. at 13, "ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently," which "is 'simply beyond the scope of our appellate review,'" *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quoting *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006)). The district court's decision to vary downwards from the guideline sentence by thirty-six months suggests that the district court did not, in fact, ignore the § 3553(a) factors in order to focus unduly on the Guidelines. And even if the district court had done so, it still would not be error because the Supreme Court has instructed that "district courts *must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 569 U.S. 530, 541 (2013) (quoting *Gall*, 552 U.S. at 50 n.6).

Finally, Stiles argues that statistics show that similarly situated defendants nationwide received, on average, a lesser sentence than he received, thus raising a concern regarding sentencing disparities. Appellant Br. at 13–14. The district court, however, addressed these statistics and gave a reasoned explanation as to why the statistics provided by Stiles's counsel did not adequately capture the scope of Stiles's conduct. *See* R. 50 (Sent'g Hr'g Tr. at 62–63) (Page ID #353–54). The district court explained that varying down to the sentence length suggested by those statistics "would unduly depreciate the seriousness of [Stiles's] conduct and the nature and circumstances of the offense." *Id.* at 63 (Page ID #354). The district court also noted that Stiles was subject to a pattern enhancement pursuant to U.S.S.G. § 4B1.5(b)(1). *Id.* at 62–63 (Page ID #353–54); *see also* R. 46 (PSR ¶ 59) (Page ID #217). That enhancement provided a reasoned basis for giving Stiles a lengthier sentence than that suggested by Stiles's statistics, which included

7

defendants that were not subject to the same enhancement. R. 50 (Sent'g Hr'g Tr. at 62–63) (Page ID #353–54). The district court also relied on statistics provided by the government that showed that defendants who were subject to the pattern enhancement received an average sentence of 324 months' incarceration, which placed Stiles's sentence precisely in line with the average sentence imposed on similarly situated defendants. *Id.* at 49, 62–63 (Page ID #340, 353–54). Because the district court adequately explained why Stiles's sentence did not, in fact, worsen national disparities in sentencing, we cannot say that Stiles's sentence is substantively unreasonable.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM**.