NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0297n.06

No. 22-3819

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jun 27, 2023<br>DEBORAH S. HUNT, Clerk |
|     Plaintiff-Appellee, | ) | |
|  | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
|  | ) | THE NORTHERN DISTRICT OF |
| NORMAN D. RODRIGUEZ, | ) | OHIO |
|  | ) | |
|     Defendant-Appellant. | ) | OPINION |
|  | ) | |

BEFORE: McKEAGUE, GRIFFIN, and MURPHY, Circuit Judges.

PER CURIAM. Norman D. Rodriguez challenges his above-guidelines sentence as substantively unreasonable. As set forth below, we **AFFIRM** Rodriguez's 78-month sentence.

Responding to a report of shots fired, law enforcement officers found Rodriguez sleeping in his car with a loaded firearm on his lap. When the officers attempted to remove the firearm, Rodriguez awoke and became combative with the officers. Rodriguez subsequently pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Rodriguez's presentence report set forth a guidelines range of 51 to 63 months of imprisonment based on a total offense level of 17 and a criminal history category of VI. The district court gave notice of a possible upward variance from that range based on the following sentencing factors under 18 U.S.C. § 3553(a): (1) the nature and circumstances of the offense; (2) Rodriguez's history and characteristics, including his criminal history and other relevant characteristics; and (3) the need for the sentence imposed to reflect the seriousness of the offense,

to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes by Rodriguez. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). At sentencing, the district court reviewed Rodriguez's "substantial" and "extremely difficult" criminal history and noted a pattern of failing to comply with law enforcement and with his release conditions. After considering the nature and circumstances of Rodriguez's offense, his history and characteristics, and the other § 3553(a) factors, the district court varied upward two levels to an offense level of 19, which resulted in a guidelines range of 63 to 78 months of imprisonment. The district court sentenced Rodriguez to 78 months of imprisonment followed by three years of supervised release.

In this timely appeal, Rodriguez challenges the substantive reasonableness of his above-guidelines sentence. We review the substantive reasonableness of Rodriguez's sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41, 51 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "Simply put, a defendant's sentence is substantively unreasonable if it is too long." *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020). "One way to gauge the substantive reasonableness of a sentence is to ask whether 'the court placed too much weight on some of the § 3553(a) factors and too little on others' in reaching its sentencing decision." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753-54 (6th Cir. 2020) (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). Rodriguez "must surmount a high bar to succeed on a substantive-reasonableness challenge even to an upward variance." *United States v. Thomas*, 933 F.3d 605, 613 (6th Cir. 2019). In reviewing Rodriguez's above-guidelines sentence for substantive reasonableness, we "take into account the totality of the

circumstances, including the extent of any variance from the Guidelines range," but "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

"A district court may vary outside the Guidelines range if it explains how the present case is different from the typical or mine-run case that occupies the heartland to which the Commission intends individual Guidelines to apply." *Perez-Rodriguez*, 960 F.3d at 754 (cleaned up). Rodriguez argues that his felon-in-possession case is the typical or mine-run case to which the guidelines apply and that, in varying upward, the district court placed too much weight on his criminal history and his conduct in prior cases—factors already encompassed in the guidelines. But "[w]e have consistently rejected defendants' arguments that a district court cannot impose upward variances based on criminal history, simply because the Guidelines calculation already accounts for criminal history as a factor." *United States v. Dunnican*, 961 F.3d 859, 881 (6th Cir. 2020).

Rodriguez's "substantial" and "extremely difficult" criminal history took his case outside of the heartland of cases to which the guidelines apply. *See United States v. Cechini*, 834 F. App'x 201, 205 (6th Cir. 2020) (recognizing that a case is not a mine-run one when the guidelines range does not account for patterns of criminal conduct or unscored convictions). Rodriguez had a total criminal history score of 26—double the number of points needed for a category VI criminal history score. Rodriguez had prior convictions involving firearms and drugs, including a federal conviction for conspiracy to possess with intent to distribute heroin. According to the district court, Rodriguez had a pattern of failing to comply with law enforcement and with his release conditions. The district court noted that, when officers had attempted to stop Rodriguez in the past, he had fled on foot or in a vehicle and that, when officers confronted him in this case, he was

uncooperative. The district court also noted that Rodriguez had violated the conditions of his supervised release on numerous occasions and that his probation officer's efforts to assist him in modifying his behavior had not worked, resulting in the revocation of his supervised release and an eight-month prison sentence. The district court determined that a "lengthy" sentence was necessary to deter Rodriguez because his prior sentences had not "sent the message." The district court reasonably concluded that Rodriguez's "uniquely problematic criminal history demonstrate[d] a specific need for deterrence beyond that already captured by the guidelines." *Lee*, 974 F.3d at 677.

Rodriguez also argues that the upward variance created an unwarranted sentence disparity because the average sentence in felon-in-possession cases for defendants with a criminal history category of VI was 52 months. *See* 18 U.S.C. § 3553(a)(6). The district court expressly recognized that the average sentence was 52 months but determined that Rodriguez's sentence would be higher because of his criminal record, observing that he had "an extremely difficult history" and that he had received "relatively modest" sentences in the past and had "not responded well" to those sentences. The district court reasonably concluded that Rodriguez's "substantial" and "extremely difficult" criminal history—resulting in a total criminal history score double the number of points needed to qualify for criminal history category VI—and the lack of deterrence afforded by his prior sentences warranted a sentence disparity in this case.

The district court did not abuse its discretion in varying upward by 15 months to impose a 78-month sentence. Accordingly, we **AFFIRM** Rodriguez's sentence.