NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0037n.06

No. 23-5260

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 26, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| CHRISTIAN SHERRILL, | ) | DISTRICT OF TENNESSEE |
| Defendant - Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: GRIFFIN, BUSH, and LARSEN, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Appellant Christian Sherrill was part of a group who robbed and killed Timothy Edwards. Sherrill was convicted of attempted Hobbs Act robbery and using or carrying a gun in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). After the Supreme Court determined in *United States v. Taylor*, 596 U.S. 845, 852 (2022), that attempted robbery is not a crime of violence under 18 U.S.C. § 924(c)(3)(A), the district court vacated his firearm-related conviction and resentenced him on the robbery conviction. Following resentencing, he now challenges the district court's application of U.S.S.G. § 2B3.1(c), a cross reference to the first-degree murder guideline, in calculating his new sentence. For the reasons that follow, we **AFFIRM** Sherrill's sentence.

**I.**

Sherrill, along with four other defendants, planned and attempted to rob Edwards. Sherrill drove the getaway car and dropped off three co-defendants, two of whom were carrying firearms,

at Edwards's house. When Edwards confronted the robbers, one of them fatally shot him. The robbers fled the residence, leaving Sherrill to drive away without them. A witness identified the getaway car after seeing it in Edwards's neighborhood at the time of the crimes. Also, Edwards's autopsy uncovered bullets in the body that matched the firearms identified as those used in the robbery.

Sherrill was charged with attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1); using or carrying a gun in relation to a crime of violence, in violation of § 924(c) (Count 2); possessing a gun in furtherance of a crime of violence, in violation of § 924(c) (Count 3); and causing the death of a person in the course of violating § 924(c), in violation of § 924(j) (Count 4). A jury found Sherrill guilty of Counts 1 and 2, acquitted him on Count 3, and hung on Count 4. The government then voluntarily dismissed Count 4. The district court sentenced him to 210 months for the attempted Hobbs Act robbery conviction and 120 months for the firearm conviction, to be served consecutively. We subsequently affirmed his conviction and sentence. *United States v. Sherrill*, 972 F.3d 752 (6th Cir. 2020).

Two years after we decided his first appeal, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A). *Taylor*, 596 U.S. at 851. Sherrill thus filed a motion under 28 U.S.C. § 2255 to vacate his sentence. The district court granted the motion, vacated his conviction on Count 2, and set the case for resentencing on Count 1. In its supplemental presentence report, the probation officer recommended that Sherrill's total offense level be calculated as 43 pursuant to U.S.S.G. § 2B3.1(c), the robbery guideline's cross reference, which provides that "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 . . . apply § 2A1.1 (First Degree Murder)." Under 18 U.S.C. § 1111, "[e]very murder . . . committed in the perpetration of, or attempt to perpetrate,

any . . . robbery . . . is murder in the first degree." Section 2A1.1 of the sentencing guidelines, in turn, provides a base offense level of 43. *See* U.S.S.G. § 2A1.1(a). With a criminal history category of III, Sherrill's guidelines range was life. Notwithstanding, the statutory maximum sentence for attempted Hobbs Act robbery is twenty years. *See* 18 U.S.C. § 1951(a). At Sherrill's resentencing hearing, the district court imposed the same 210-month sentence for the robbery conviction as it did at his original sentencing hearing, which falls thirty months short of the statutorily allowed maximum.

On appeal, Sherrill contends that, given the Supreme Court's holding in *Taylor* that attempted Hobbs Act robbery is not a crime of violence, it was improper for the district court to apply the cross-reference in U.S.S.G. § 2B3.1(c)(1) to § 2A1.1, the first-degree murder guideline. He also argues that because the jury did not convict him of Count 4—causing the death of a person while violating 18 U.S.C. § 924(c)—the only relevant conduct the district court could consider was attempted robbery.

**II.**

We review sentencing decisions for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Elmore*, 743 F.3d 1068, 1072 (6th Cir. 2014). Sherrill challenges the district court's calculation of his guidelines range and argues that the district court considered impermissible factors in so doing. Although he claims not to challenge the "procedure" that the district court used in imposing his sentence, Appellant Br. at 17, those are procedural arguments. *See United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019). A sentence is procedurally reasonable when the district court "properly calculates the Guidelines range, treats that range as advisory, considers the sentencing factors in 18 U.S.C. § 3553(a), refrains from considering impermissible factors, selects the sentence based on facts that are not

clearly erroneous, and adequately explains why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (cleaned up). "We review a district court's efforts to touch each of these bases for abuse of discretion, keeping in mind that factual findings will stand unless clearly erroneous and legal conclusions will stand unless our fresh review leads to a contrary conclusion." *Id.*

**III.**

Sherrill cannot show that his sentence is procedurally unreasonable. His argument is twofold. First, he infers that the Supreme Court's holding in *Taylor* that attempted Hobbs Act robbery is not a crime of violence renders inert the cross reference in U.S.S.G. § 2B3.1(c)(1), which imposes the base offense level for first-degree murder. Because attempted robbery is not a crime of violence under *Taylor*, Sherrill argues that defendants convicted of that crime cannot be sentenced for the inherently violent crime of first-degree murder, and therefore, applying the first-degree murder cross reference to his attempted-robbery conviction was procedurally unreasonable. This argument, however, misunderstands the import of *Taylor* for the sentencing guidelines. The *Taylor* Court held that attempted robbery is not a crime of violence, but only for purposes of 18 U.S.C. § 924(c). Defendants convicted of attempted Hobbs Act robbery are therefore not subject to the additional punishment imposed by the statutory provision—which is why the district court resentenced Sherrill in the first place. *Taylor* does not, however, afford Sherrill or similarly situated defendants reprieve from the applicable sentencing guidelines for attempted robbery, including the cross reference in § 2B3.1(c)(1) to § 2A1.1.

Sherrill next argues that the district court's consideration of Edwards's murder in calculating his sentence and considering the § 3553(a) factors violated his Fifth Amendment right to due process and Sixth Amendment right to a jury trial because it punished him for conduct for

which the jury did not convict. He contends the district court was limited to the "specific acts and omissions for which [he] is to be held accountable in determining the applicable guideline range." Appellant Br. at 22 (quoting U.S.S.G. § 1B1.3, cmt. n.1). Sherrill points out that, following the vacatur of his § 924(c) conviction in light of *Taylor*, the only charge left for which the jury found him guilty was attempted Hobbs Act robbery. Sherrill argues the district court's error was especially egregious because the jury chose not to convict him of Count 4, causing the death of a person while violating 18 U.S.C. § 924(c).

This argument fares no better than Sherrill's first. To begin, its premise is false. The district court did not sentence him based on a finding that he committed premeditated murder. Rather, the district court applied § 2B3.1(c)(1) based on the undisputed fact of Sherrill's participation in an attempted robbery that resulted in someone's death, which is one of the felonies specifically delineated in the federal murder statute, 18 U.S.C. § 1111. *See United States v. Holloway*, 480 F. App'x 374, 379 (6th Cir. 2012) (upholding the application of the cross-reference where a victim was killed during the defendant's attempted robbery over his objection that there was no proof of intent to kill). Application Note No. 1 to § 2A1.1 clarifies that it applies "when death results from the commission of certain felonies," and § 1B1.3(a)(1) states that, in the case of jointly undertaken criminal activity, cross references are determined based on the acts of others in furtherance of that activity.

Though acknowledging that § 1B1.3(a)(1) "seems to encompass" Edwards's murder, Sherrill insists that the district court should have accepted the jury's failure to convict him on Count 4 as a finding that he did not commit murder. Appellant Br. at 21. But it does not matter that the jury did not convict Sherrill on Count 4. That charge alleged that, in violation of 18 U.S.C. § 924(j), in the course of violating § 924(c), he "cause[d] the death of a person . . . through the use

of a firearm."  In contrast, the cross reference to § 2A1.1 in § 2B3.1(c)(1) holds Sherrill responsible for a murder that occurred during his attempted Hobbs Act robbery, regardless of whether he personally caused the death.  It has nothing to do with whether Sherrill violated 18 U.S.C. § 924.

That said, even if the jury had acquitted Sherrill on Count 4, the district court can "look[] to other facts, including acquitted conduct, when selecting a sentence within [the applicable] statutory range."  *United States v. White*, 551 F.3d 381, 385 (6th Cir. 2008) (en banc).  As long as judge-found facts are supported by a preponderance of the evidence, the district court can deviate from jury-found facts in its sentencing.  *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006) (holding this practice does not violate a defendant's Fifth or Sixth Amendment rights). The same is true of facts on which the jury is deadlocked.  *United States v. Brika*, 487 F.3d 450, 459 (6th Cir. 2007).  The district court was free to consider the undisputed fact that Edwards was killed during Sherrill and his co-defendants' commission of attempted robbery when consulting the § 3553(a) factors and imposing a sentence.

## IV.

For the reasons set forth above, the district court did not abuse its discretion.  We therefore **AFFIRM** Sherrill's sentence.