NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0109n.06

No. 23-1376

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Mar 08, 2024

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| RJ GRUIS, | ) | MICHIGAN |
| Defendant-Appellant. | ) ) | OPINION |
| | ) | |

Before: GRIFFIN, NALBANDIAN, and MATHIS, Circuit Judges.

PER CURIAM. RJ Gruis challenges the substantive reasonableness of his within-guidelines sentence for a methamphetamine offense. As explained below, we **AFFIRM** Gruis's 120-month sentence.

I.

A federal grand jury returned a superseding indictment charging Gruis with two counts: (1) knowingly and intentionally distributing 50 grams or more of a mixture or substance containing methamphetamine on September 29, 2022, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); and (2) knowingly and intentionally distributing lysergic acid diethylamide (LSD) and 50 grams or more of a mixture or substance containing methamphetamine on October 5, 2022, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and (b)(1)(C). On these two dates, Gruis sold drugs to an undercover police officer, who told him that she was pregnant. In accordance with a written plea agreement, Gruis pleaded guilty to count 1 in exchange for the dismissal of count 2.

Gruis's presentence report (PSR) set forth an advisory guidelines range of 100 to 125 months of imprisonment based on a total offense level of 27 and a criminal history category of IV. Gruis moved for a downward variance from that range based on the sentencing factors under 18 U.S.C. § 3553(a), citing his role as a middleman, his acceptance of responsibility and remorse, his substance abuse and mental health issues, his lack of criminal history involving weapons, and his age (48 years old at the time of sentencing).

At sentencing, the district judge explained that she had reviewed the initial indictment, the superseding indictment, the written plea agreement, a transcript of the change of plea hearing, the final PSR, Gruis's motion for a variance, Gruis's sentencing memorandum, and the government's sentencing memorandum. The court found the PSR's advisory guidelines accurate and adopted its findings. The court then found no applicable departures and heard the parties' arguments along with Gruis's allocution. The court acknowledged Gruis's request for either a downward variance or a sentence at the lower end of the guidelines.

The district court next considered the § 3553(a) factors. In doing so, the court detailed the nature and circumstances of Gruis's distribution of methamphetamine offense; described Gruis's history and characteristics along with his criminal history; explained the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and protect the public from future crimes by Gruis; emphasized a need to provide Gruis educational and vocational training, medical care, or other correctional treatment in the most effective manner; and to avoid unwanted sentence disparities among similarly situated defendants. Ultimately, the district court denied Gruis's motion for a downward variance and sentenced him to 120 months of imprisonment followed by four years of

supervised release. Gruis objected and argued that the court's balancing of the § 3553(a) factors resulted in a substantively unreasonable sentence.

In this timely appeal, Gruis challenges the substantive reasonableness of his sentence, arguing that the district court placed too much weight on some of the § 3553(a) factors and too little on others.

## II.

We review the substantive reasonableness of Gruis's sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41, 51 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). "One way to gauge the substantive reasonableness of a sentence is to ask whether 'the court placed too much weight on some of the § 3553(a) factors and too little on others' in reaching its sentencing decision." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753–54 (6th Cir. 2020) (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). "Needful to say, this is a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). And we afford a rebuttable presumption of substantive reasonableness to Gruis's 120-month sentence, as it is within the properly calculated guidelines range. *See United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

According to Gruis, the district court placed too much weight on his criminal history by invoking his record in connection with other § 3553(a) factors, specifically the need to afford adequate deterrence and protect the public. Gruis correctly asserts that "a defendant's criminal

record . . . is usually not a proper reason for a variance." *United States v. Boucher*, 937 F.3d 702, 711 (6th Cir. 2019). But the district court declined to vary from the guidelines range in sentencing Gruis and instead imposed a within-guidelines sentence.

A district court may "consider a defendant's criminal history in its analysis of the 18 U.S.C. § 3553(a) factors, even when the defendant's guidelines range already reflects it." *United States v. Lee*, 974 F.3d 670, 677 (6th Cir. 2020). In discussing Gruis's history and characteristics, *see* 18 U.S.C. § 3553(a)(1), the district court noted that he had a "track record" with 19 criminal convictions, including his current offense, over a 26-year time span. The district court acknowledged that these convictions, which included multiple convictions for drunk driving and domestic violence, did not involve firearms but did "involve taking at risk the lives of others or harming severally [sic] ones that Mr. Gruis proclaims to love." As for "the need . . . to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B), the district court noted that Gruis's behavior had not been "remediated through encounters with the criminal justice system, including the failure to appear for court hearings, times three," and "[t]he failure to pay court costs, times two." The district court observed that, despite "many encounters with the criminal justice system that provide wake-up calls, many chances, many opportunities, many problems, [and] jail terms[,] . . . nothing has worked to deter him in his criminal conduct." The district court considered the need to protect the public from future crimes by Gruis, *see id.* § 3553(a)(2)(C), and took "into account the way his convictions have harmed other people." According to the district court, "the need . . . to promote respect for the law," *id.* § 3553(a)(2)(A), was "a standout element here," given that Gruis's criminal record demonstrated "a history of unwillingness or an inability to do so" and "a deflection of responsibility."

Along with Gruis's criminal history, the district court considered the nature and circumstances of his offense, *see id.* § 3553(a)(1), noting that he had sold methamphetamine three times (the two transactions charged in the superseding indictment plus another controlled buy). The district court observed that methamphetamine is "highly addictive and very destructive" and "is an accelerant for deviant behavior and people really acting out at their wors[t]." The district court characterized Gruis's offense as "very serious": "He thought he was selling to a real person, who is going to use these drugs or sell these drugs, and that person indicated that they were pregnant, and that seemed not relevant to Mr. Gruis." With respect to Gruis's claim that he sold methamphetamine as a quick way to make money due to unstable housing, the district court pointed out that, as a journeyman carpenter, "[h]e had an opportunity to make money legitimately." In discussing Gruis's history and characteristics, *see id.*, the district court acknowledged his childhood trauma but noted that he "had 30 years to get therapy and 30 years to come to grips with this." The district court gave Gruis credit for saying that he deserved incarceration. The district court addressed the need to provide Gruis with training and treatment and ultimately recommended vocational programming, substance abuse counseling, and a mental health evaluation. *See id.* § 3553(a)(2)(D).

After considering the § 3553(a) factors, the district court found that a sentence within the guidelines range was "appropriate and sufficient" but that a sentence at the bottom of that range was "not enough": "We've had 18 chances here to make a real change, and Mr. Gruis is forty-eight years old. And even though when we grow, we age, and our criminal tendencies tend to go down, he's remained ste[a]dfast in continuing a criminal path." The district court concluded that a 120-month sentence was "sufficient, but not greater than necessary to achieve the statutory purposes of sentencing."

The district court properly considered Gruis's criminal history in its thorough analysis of the § 3553(a) factors and acted within its discretion in weighing those factors. And while the district court considered the need to promote respect for the law and to afford deterrence to be among the "most significant" § 3553(a) factors, courts may emphasize particular factors. *See United States v. Greer*, 872 F.3d 790, 799 (6th Cir. 2017). Gruis has failed to overcome the presumption of substantive reasonableness afforded to his within-guidelines sentence.

III.

Accordingly, we **AFFIRM** Gruis's 120-month sentence.