NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0250n.06

Case No. 23-1757

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jun 07, 2024 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| MICHAEL JOHN BATT, | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) | OPINION |

Before: COLE, GIBBONS, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Michael John Batt struck up an online conversation with an undercover officer. During the conversation, Batt described sexually abusing his young daughters. He also sent the officer explicit photos of his children. These events culminated in Batt pleading guilty to sexual exploitation crimes. On appeal, Batt challenges the procedural and substantive reasonableness of his within-Guidelines sentence. We affirm.

**I.**

An undercover officer posted a picture on social media of a young girl holding a man's hand with the caption, "Any other local dads out here with similar interests?" Michael John Batt responded, "Yes." The officer asked "[w]hat [Batt was] into." "Incest," Batt replied. "The more taboo things. Younger." Batt said he had done "some touching, rubbing, [and] exploring" with his children. Batt then asked to switch to a secure messaging application to "go into more details."

In messages sent over the next few weeks, Batt described his conduct. He recounted in detail how he touched his daughters sexually while bathing and had them perform oral sex on him. He also described performing oral sex on them and digitally penetrating them, sometimes while they slept.

Batt also said he had "a few" "naked pictures" of his daughter, but he tried "to not do anything overtly obvious." He said his wife did not know about the abuse, so he had to be "careful" and "sneaky." Batt later sent the officer five photos of his daughters in various states of undress.

Law enforcement obtained and executed a search warrant for Batt's home. There, they discovered roughly 55,000 files of apparent child pornography on an encrypted hard drive. Batt agreed to talk with the investigators. He admitted to taking explicit photos of his two daughters, but he denied sexually abusing them. He claimed his online comments were "just talk." Investigators interviewed Batt's older daughter, who did not report any sexual abuse. His other daughter was too young to speak with investigators.

Batt pleaded guilty to sexual exploitation of a child and attempted sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), (e). The probation office drafted a presentence report that recommended a two-point enhancement under U.S.S.G. § 2G2.1(b)(2)(A) for commission of "a sexual act or sexual contact." After accounting for the mandatory minimum, Batt's Guidelines term of imprisonment was 360 months. Batt lodged no objections.

During Batt's sentencing hearing, the district court noted that, based on the presentence report, Batt had committed an offense "involving a sexual act or conduct—contact." Batt again made no objection. Batt did, however, request a downward variance based on his personal characteristics. The government opposed, in part because Batt "physically abused his daughters."

2

The district court denied the requested variance and sentenced Batt to 360 months of confinement. The court asked if there were any objections to the sentence; Batt declined.

The district court entered judgment, and this timely appeal followed.

**II.**

A.1.  Batt argues his sentence is procedurally unreasonable because the district court improperly found that he committed a sexual act or sexual conduct, which triggered a two-level enhancement.  U.S.S.G. § 2G2.1(b)(2)(A).  Before addressing this claim, however, we first determine our standard of review.  Batt concedes that he failed to preserve this issue, urging us to review for plain error.  To prevail under that standard, Batt must "show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings."  *United States v. Vonner,* 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (cleaned up).

The government labels Batt's actions as more than mere forfeiture, accusing Batt of inviting any error and suggesting we decline review absent a "manifest injustice." *See, e.g.*, *United States v. Akridge*, 62 F.4th 258, 263 (6th Cir. 2023).  The line between forfeiture and invited error can be difficult to parse, especially in the sentencing context.  *See, e.g.*, *id.* at 262–64.  Here, we need not weigh in on that delicate question, as Batt's claim fails even under the more favorable plain error standard.  *See, e.g.*, *id.*

2.  We turn, then, to the merits of Batt's procedural reasonableness claim.  For the two-level enhancement from § 2G2.1(b)(2)(A) to apply, the government had to prove by a preponderance of the evidence that Batt committed "a sexual act or sexual contact."  *United States v. Aleo*, 681 F.3d 290, 298, 300 (6th Cir. 2012) (citation omitted).

Both parties agree we look to the statutory definitions of "sexual act" and "sexual contact." *See United States v. Skouteris*, 51 F.4th 658, 672 (6th Cir. 2022) (citation omitted); *see also* U.S.S.G. § 2G2.1(b)(2)(A) cmt. n.2. A "sexual act" includes "contact between the mouth and the penis," penetration of the genitals "by a hand or finger," and touching of the genitals "to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2). "Sexual contact," in turn, means "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Id.* § 2246(3).

Here, there were two independent bases for applying § 2G2.1(b)(2)(A). First is the "sexual act" aspect of the conduct. Consider Batt's comments to the undercover agent. Batt explained how he touched and penetrated his daughters' genitals, performed oral sex on them, and made them perform oral sex on him. These actions constituted "sexual act[s]" that were relevant conduct for the purpose of the enhancement. *See* U.S.S.G. § 1B1.3(a)(1) (defining relevant conduct to include conduct "that occurred during the commission of the offense of conviction" and "in preparation for that offense").

Second, with respect to "sexual contact," photos depicted Batt's daughters posing undressed. The district court fairly inferred both that Batt had touched his daughters' "genitalia, anus, groin, breast, inner thigh, or buttocks" to position them for these photos, and that the photos were made "to arouse or gratify the sexual desire[s]" of Batt and others. *See United States v. Parrish*, 915 F.3d 1043, 1048 (6th Cir. 2019) (noting the district court was "free to make reasonable inferences" from the evidence). That inference was enough for the district court to conclude, by a

preponderance of the evidence, that the "sexual contact" aspect of the enhancement applied. Thus, we see no error in either respect, let alone one that is clear or obvious.

Batt urges a different conclusion. He does so first by attempting to distinguish his case from others involving sexual acts or sexual conduct: *United States v. Shafer*, 573 F.3d 267 (6th Cir. 2009), *United States v. Ahern*, No. 21-2938, 2022 WL 985820 (6th Cir. Apr. 1, 2022), and *United States v. Sanderson*, No. 21-5900, 2022 WL 1133114 (6th Cir. Apr. 18, 2022). He points out that in each of those cases, there was more evidence of wrongdoing than present here. Perhaps so. But that fact has little bearing on whether the evidence in today's case was sufficient. We ask whether the evidence reached the evidentiary floor, not the ceiling. As already discussed, there was ample evidence of sexual acts or sexual contact on Batt's part. That conclusion is consistent with *Shafer*, *Ahern*, and *Sanderson*.

Nor are we persuaded by Batt's repeated claims that his statements were "just talk." While it is true that Batt denied touching his daughters, and that his older daughter did not report any abuse, the record was more robust. Looking to the entire record, the district court found it more likely than not that Batt's original statements admitting sexual misconduct were true—rather than his self-serving, post-hoc denials. *See United States v. Ruiz-Lopez*, 53 F.4th 400, 402–03 (6th Cir. 2022). That court is far better positioned than this one to make credibility determinations. In the end, Batt fails to demonstrate a plain error in the district court proceedings.

B. Next, Batt argues that his sentence is substantively unreasonable, an issue we review for an abuse of discretion. *United States v. Milliron*, 984 F.3d 1188, 1195 (6th Cir. 2021). "A substantive reasonableness challenge focuses on the length of the sentence itself, asking if the sentence is too long (if a defendant appeals) or too short (if the government appeals)."

*United States v. Hymes*, 19 F.4th 928, 932 (6th Cir. 2021) (cleaned up). A sentence within the Guidelines range—like the one here—is presumed reasonable. *Vonner*, 516 F.3d at 389.

Batt fails to carry this heavy burden. By and large, he merely repackages his procedural reasonableness argument, asserting, again, that there was insufficient evidence of a sexual act or sexual contact. Because the district court reasonably concluded that Batt had made sexual contact with his daughters and that he engaged in sexual acts with them, this argument fails.

Even were we to credit Batt's arguments, in the end his sentence was consistent with the conduct to which he pleaded guilty. His crimes involved producing child pornography. And the photos he admitted to producing, the district court emphasized, revealed the depravity of Batt's misconduct: "The sexual exploitation of [Batt's] two young daughters [was] pretty much off the scale in terms of seriousness." We see no basis to doubt that grim conclusion. And the sentence Batt received, 360 months, would have been within the Guidelines range even without the § 2G2.1(b)(2)(A) enhancement.

At day's end, the district court considered the arguments of the parties—including Batt's written and oral requests for a downward variance—and weighed the § 3553(a) factors to select a sentence within the Guidelines range that was sufficient, but not greater than necessary. This was not an abuse of discretion.

\*     \*     \*     \*     \*

We affirm the judgment of the district court.