NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0570n.06

No. 24-1837

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Dec 08, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| RUNDY LAMAR WILLIAMS, | ) | |
|     Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: CLAY, KETHLEDGE, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. Rundy Williams pled guilty to possessing a firearm as a felon. He now appeals his sentence. We reject his arguments and affirm.

In July 2023, Grand Rapids police conducted a traffic stop of a vehicle. Williams sat in the front passenger seat. When officers asked for his identification, Williams produced a driver's license with a picture that was not his. They ordered Williams out of the car, patted him down, and found a handgun in his pants. The officers also discovered 85 methamphetamine pills in the car.

A federal grand jury later indicted Williams for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). He pled guilty to the federal gun charge.

At sentencing, the district court calculated a guidelines range of 77 to 96 months, and observed that Williams had one of the worst criminal records the court had seen—including over 20 convictions between 2004 and 2014. Williams had then gone to prison and was released in 2020. The court emphasized, however, that Williams was soon after involved in criminal activity

("back there in the mix") again, which included the charge in this case, in addition to charges in four criminal cases then pending in state court—in one of which Williams was charged with shooting into a building. Thus, the court said that Williams had shown no sign of changing his "pattern" of criminal behavior, and that he posed a "genuine public risk." As a result, the court said, a sentence in "the higher range" of the guidelines was appropriate. The court imposed a sentence of 90 months, to run consecutive to his sentences in three of his four cases then pending, but concurrent with one of them—namely the case in which he was charged with possession of the methamphetamine found during his July 2023 arrest.

We review the procedural and substantive reasonableness of Williams's sentence for an abuse of discretion. *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019). Williams's sentence was within his guidelines range, so we presume that it is substantively reasonable. *United States v. Graham*, 622 F.3d 445, 464 (6th Cir. 2010).

Williams challenges his sentence by way of two arguments that are barely developed. First, he asserts that the court "placed too much emphasis on the number of contacts [he] had with law enforcement." Br. at 10. But most of those "contacts" resulted in convictions for Williams— which the court had every reason to emphasize, on this record especially.

Second, Williams argues that the district court miscounted his pending state charges, leading it to sentence him on the high end of his guidelines range. Williams did not make this procedural unreasonableness argument in the district court, so we review for plain error. *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). There was none here. As an initial matter, the court's decision to sentence Williams at the higher end of the guidelines range was based on much more than the cases then pending against him in state court. Moreover, the record makes clear that the district court understood the facts. The court asked the prosecutor and

Williams's counsel detailed questions about the origin and status of Williams's pending state charges. The court knew that Williams had four cases pending, one of which arose from the May 2022 shooting, and another from his July 2023 arrest. The court also specified that Williams's federal sentence would run concurrently with any sentence from his state methamphetamine-possession case (because both charges arose from the same criminal episode), but consecutively to sentences from his other three state cases (which arose from separate criminal episodes). Williams thus fails to show any error, let alone plain error.

The district court's judgment is affirmed.